E. P. PORTER *v.* ELENOR PORTER.

1. HIGH COURT OF ERRORS AND APPEALS: PRACTICE.—The High Court of Errors and Appeals will not notice matters of record, which appear only by the bill of exceptions.

2. DIVORCE: APPLICATION FOR ALIMONY PENDENTE LITE.—On an application for alimony *pendente lite*, the court will consider, first, whether the statements of the original bill present a case for relief ; second, whether the circumstances of the wife are such as to require an allowance ; and third, what is the pecuniary condition of the husband.

3. SAME : ALIMONY, PENDENTE LITE, WHEN GRANTED : AMOUNT HOW DETERMINED.—Alimony, *pendente lite*, should be granted, when the original bill presents a case for relief, and the condition and circumstances of the wife are such that, without an allowance, she will not be able to prosecute her suit, and the amount of the allowance is to be determined by the pecuniary condition of the husband.

4. SAME : ALIMONY PENDENTE LITE : CONDUCT OF THE WIFE.—On an application for alimony, *pendente lite*, the court will not investigate the conduct of the wife, or the merits of the original bill, or inquire into the truth of its allegations.

ERROR to Chancery Court of Chickasaw county. Hon. W. H. Kilpatrick, chancellor.

*Tucker & Green*, for plaintiff in error, contended,

1. That the petition of the wife does not allege a separation. This is fatal to it.    2 Bright's Husband and Wife, 5, 6, 7, 8, 9 ; 2 Kent's Com. 133.

2. That the refusal of the court to hear testimony as to the pecuniary condition of the wife was error.    2 Bright's Husband and Wife, 359, 360.

3. That by the statute of Miss., alimony *pendente lite* is not allowed.    Rev. Code, 334, art. 17; *Wilson* v. *Wilson*, 2 Deo. & Bat., 377 ; 10 Vermont, 505 ; 8 B. Monroe, 50.

4. That the conduct of the wife was a matter for investigation. 2 Bright, 13; 2 Kent's Com. 135; 2 Story's Eq. sec. 1426; 1 Johns. Ch. R. 364; 1 ib. 108; 2 Vesey, Jr., 195; 19 ib. 395; 2 Story's Eq. 796–97.

*Evans, Orr & Owen* for defendant in error.

No brief of counsel on file.

HARRIS, J., delivered the opinion of the court.

This is an application, *pendente lite,* for alimony.

The defendant in error filed her bill in the Circuit Court of Chickasaw county, for a divorce, upon the ground that the husband, being of sufficient ability, wantonly and cruelly failed to provide a support for her. To this bill there was a demurrer filed, which seems to be undisposed of by any order or judgment appearing in the record. The bill and demurrer seem to have been filed to the April term, 1866. At the same term the defendant in error filed her application for a separate maintenance, and for an allowance to conduct and carry on her suit.

To this petition plaintiff in error filed his demurrer on the 5th day of May, 1866, in short by consent, which was overruled by the court. And on the same day plaintiff in error filed his answer to the application, denying all the matters charged. At the April term of said Circuit Court, the application for allowance, &c., *pendente lite,* was heard by the court.

The demurrer to this application, and the action of the court on it, cannot be noticed, because they appear only by the bill of exceptions.

The only points properly before the court, on the application for separate maintenance and allowance for the proper conduct of the suit for divorce, were, first, as to whether the *statements* of the original bill presented a case for relief; second, whether the condition and circumstances of petitioner were such as to require such allowance; and third, what is the pecuniary ability of the husband.

The allowance does not depend upon statutory authority,

but is a power incident to the jurisdiction of the Court of Chancery, independent of any statutory enactment.

If, *on the face of the bill*, it is apparent that no decree for a divorce can be made, the application for alimony will be disallowed. If the wife have a separate estate, by which she is enabled to prosecute her suit without such allowance, the court will not grant her application until her means are exhausted.

The amount of allowance is a matter in the discretion of the court, depending on the circumstances of the parties, and the pecuniary ability of the husband.

While therefore the court will not, on an application for alimony *pendente lite*, investigate the merits of the original bill, or inquire into the truth of the facts there alleged, it must see that a case for relief is stated on the face of the bill; that the allowance is necessary to enable the wife to prosecute her suit: and in determining what is a proper allowance, it must be informed of the condition and circumstances of the parties and the pecuniary ability of the husband. Such allowance to the extent of the actual wants of the wife, until her suit can be investigated and determined, is almost a matter of course.

The conduct of the wife is not a matter for investigation on this application.

These principles will be found fully settled in this country by adjudicated cases.

As the principles above stated indicate the proper action of the court on the several matters assigned for error here, and as the case must be reversed for the error in ruling out the testimony of Stephen Ashley—stated in the sixth assignment of errors, by whom plaintiff in error offered to prove his pecuniary condition—it will be unnecessary to notice particularly the other errors assigned.

Let the decree be reversed, and cause remanded for further proceedings.