Jno. P. McFarland v. Nancy S. McFarland.

1. Alimony. *Pendente lite. When allowed.*
    It being the settled law of this State that the wife may exhibit her bill
    for alimony against her husband without praying for a divorce, alimony
    *pendente lite* may be granted when the prayer is for alimony alone without
    divorce.

2. Same. *Pendente lite. Case in judgment.*
    M. exhibited her bill against her husband for alimony (not seeking a divorce),
    alleging the marriage, and that he had driven her from home, and had
    refused to receive her back or to make provision for her support. He
    answered, admitting the marriage and denying that he had driven her
    from home, but expressing the hope that she would never return. There-
    upon M. moved the court for alimony *pendente lite* and an attorney's fee,
    which was granted. *Held,* that the action of the court in allowing alimony
    *pendente lite* and an attorney's fee was correct, for although the answer
    denies that the wife was driven from defendant's home, it does not invite
    her to return.

3. Same. *Pendente lite. Chancery practice. Oral testimony. Case in judgment.*
    In the above stated case the Chancellor took oral testimony on the hearing
    of the motion in order to determine the amount of the alimony *pendente
    lite* and the attorney's fee that ought to be awarded. *Held,* that this was
    proper; the testimony being upon a matter interlocutory and largely within
    the discretion of the Chancellor, proof by deposition would have caused
    unnecessary delay.

Appeal from the Chancery Court of Lincoln County.

Hon. Lauch McLaurin, Chancellor.

The case is stated in the opinion of the court.

*R. H. Thompson,* for the appellant.

1. This is not a *divorce case,* it is a suit for alimony *without a
divorce;* it is purely an equity suit. Certainly, under our Missis-
sippi practice, all evidence must be given in by depositions, of the
taking of which notice must be given. Section 1938, § 1943,
§ 1944, Code of 1880, are the exceptions to the general rule, and
this case falls within none of them. Of course, the statute allow-
ing oral evidence in divorce cases does not apply to this suit.

2. The decree for alimony *pendente lite* ought not to have been granted.

I recognize fully the general rule announced in *Verner* v. *Verner*, 62 Miss. 260, and *Porter* v. *Porter*, 41 Miss. 116 ; and those cases were correctly decided, because in each of them the duty of support rested upon the husband; upon his own showing as well as upon the showing of his wife.

The duty of support, as a general rule, rests upon the husband so long as the marital relation exists; and the cases of *Verner* v. *Verner* and *Porter* v. *Porter* fall under this general rule; but the exception to the rule is that the husband has fully discharged this duty when he has provided a home and support for the wife *at that home*, and the present case falls within the exception.

Mr. McFarland's home is open to his wife; she is of her own volition away from there; she could return when she pleased. (Though he is frank enough to admit his hopes that she may see proper to protract her absence.)

No public policy requires the courts to feed idle women who prefer to live away from their husbands; the public policy is the other way.

The rule announced in *Porter* v. *Porter*, *supra*, that alimony should be granted *pendente lite* when the original bill presents a case for relief is not an universal rule, and it must be limited to the state of case then before the court, a case where the bill was admitted by a demurrer at the time of the motion.

Suppose the marriage had been denied by Mr. McFarland? Would alimony be granted *pendente lite?* We have direct authority that it would not, or ought not to be allowed. *Swearinger* v. *Swearinger*, 18 Ga. 316 ; *Vreeland* v. *Vreeland*, 18 N. J. Eq. 43 ; *Collins* v. *Collins*, 71 N. Y. 269 ; *York* v. *York*, 34 Iowa ; *McFarland* v. *McFarland*, 51 Iowa 565. Of course, then, there is an exception to said general rule ; and in all reason that general rule ought never to be applied save where some matter in *avoidance* of the *gravamen* of the complaint is set up by the answer. See the following authorities : *Begbie* v. *Begbie*, 7 N. J. Eq. 98 ; *County* v. *County*, 30 Ark. 73 ; *Walling* v. *Walling*, 16 N. J. Eq. 389.

*H. Cassedy*, for the appellee.

1. An examination of the bill will show that its allegations bring it within the principle announced in the cases of *Garland* v. *Garland*, 50 Miss. 694 ; *Dewees* v. *Dewees*, 55 Miss. 3.5 ; *Porter* v. *Porter*, 41 Miss. 116 ; *Verner* v. *Verner*, 62 Miss. 260.

2. If it were conceded that the court erred in hearing oral evidence, it did not operate to the prejudice of appellant, as the allowance was justified from an inspection of the pleadings alone without resort to evidence.

But the court did not err in hearing the oral evidence, but was justified by the established rules of chancery practice.

" The evidence on interlocutory applications in causes and matters depending in the court is usually taken by affidavit, but it may be taken by oral examination before an examiner.

"And after decree in a cause the evidence may be taken by affidavit or by oral examination before an examiner or chief clerk of the judge." 1 Daniell's Chancery Pleading and Practice 888.

Cooper, C. J., delivered the opinion of the court.

The appellee exhibited her bill in the Chancery Court of Lincoln County against the appellant for alimony. The bill charges the marriage of the parties and that subsequently the husband drove the wife from home, and has refused to make provision for her support or to permit her to return to his domicile. The answer admits the marriage, charges the complainant to be of ungovernable temper, whereby the home of the defendant was made unhappy and his children forced to leave his home. It denies that the defendant compelled the complainant to leave his home, but says that she went of her own accord, and expresses the hope that she may not desire to return. On the coming in of the answer the complainant moved for alimony *pendente lite* and for suit money. On the hearing of this motion, over the objections of the defendant, the Chancellor heard oral testimony to show that the wife had no separate property and what sum would suffice to support her during the litigation, and also of what would be a reasonable fee for her attorney, and allowed alimony of eight dollars per

month and the sum of fifty dollars for attorney's fees. From this decree the husband appeals, and assigns for error the action of the court in hearing the motion on oral proof, and also contends that in view of the denial of the husband that he put away his wife no allowance for alimony could be made until after trial of the issue thus made.

Neither assignment of error is well taken. The decree is not upon the merits of the controversy, it is one made in an interlocutory matter, addressed largely to the discretion of the Chancellor, and to require formal proof by deposition would unreasonably delay the hearing of the application. 2 Daniell's Chy. 888 ; 3 Greenleaf on Evidence, § 331.

It is the settled law of this State that a wife may exhibit her bill for alimony alone against the husband without praying for a divorce. *Garland* v. *Garland*, 50 Miss. 694 ; *Verner* v. *Verner*, 62 Miss. 260 ; and this being the case, we see no reason why alimony *pendente lite* may not as well be granted under the same circumstances and upon the same principles as would be done if the relief prayed was for absolute divorce.

In suits for divorce where an application is made for temporary alimony the court will not investigate the merits of the bill "or inquire into the truth of the facts therein alleged." *Porter* v. *Porter*, 41 Miss. 116.

It is said that alimony *pendente lite* is allowed from the single fact of a pending suit for divorce, because the exhibition of the bill makes it improper for the parties to cohabit. Bishop on Marriage and Divorce, § 384.

And, therefore, when for any other purpose a bill is exhibited against the husband and the circumstances are such that cohabitation would be improper pending the suit, temporary alimony should be given. *Head* v. *Head*, 3 Atk. 295 ; Bishop on M. & Div. 385.

Whether in view of the manifest unfriendliness exhibited by the husband to the wife by his answer, an offer by him to provide for her at his domicile pending this suit would justify the court in refusing alimony it is unnecessary to decide. He has not done so, and the temper of his answer shows that the wife would not be

voluntarily received by him if she offered to return. It is his duty to provide for her, and for the purposes of this hearing (the marriage being admitted) the allegations of the bill must be accepted as true.

The reason why preliminary proof of the marriage must be made in cases in which it is denied by the answer is that marriage is the very foundation of the husband's obligation to furnish a support. Bishop on M. & Div. 386.

*Decree affirmed.*