## F. M. PARKER *v.* CALLIE PARKER.

1. DIVORCE. *Allowance of counsel fees to wife.*

   The compensation for fees allowable to a wife in a divorce suit is such as will secure the services of competent counsel, not what may be considered just as between her and particular counsel.

2. SAME. *Counsel fees pendente lite. Allowances as cause progresses.*

   An allowance *pendente lite* should not be on the basis of compensation for the services of counsel in conducting the suit to an end. It is premature to assume in advance that the wife will finally succeed and secure permanent alimony. From time to time, as the cause progresses, allowances should be made for her expenses of litigation.

3. SAME. *Fees; allowed to wife, not to counsel.*

   An allowance of counsel fees for the wife should be made to her, and not to her counsel direct.

FROM the chancery court of Lauderdale county.

HON. W. T. HOUSTON, Chancellor.

Appellant filed a bill against the appellee for a divorce. The defendant answered, denying the material allegations of the bill, and made her answer a cross-bill, alleging, as against the complaint, various grounds for a divorce. She prayed for alimony *pendente lite*, in a sum sufficient for

her support, and an allowance for counsel fees and other expenses of the suit. She also prayed the court on final hearing to make a permanent allowance of alimony. The cross-bill was answered, and defendant made a motion for the allowance of alimony pending the suit, and for counsel fees. On this application testimony was heard, from which it appeared that the wife was without means of support; that the husband owned property of the value of about $1,500, after deducting the amount of certain incumbrances, and had an income of about eighty-five dollars per month. The application was sustained, and an order for temporary support and counsel fees was made. For the support, twenty dollars per month was allowed, together with the use of the homestead owned by the husband; and he was required by the decree to pay all taxes, insurance premiums and certain building and loan dues accruing thereon, but he was to be credited with any amount to be received by the wife for rent of part of the homestead. An allowance of $150 was made for counsel fees, which the decree directed paid to her solicitors. From this decree complainant appealed. The opinion contains a further statement of the case.

*Cochran & Bozeman,* for appellant.

1. The motion was for temporary alimony and counsel fees. The rule in this state is to allow the wife about one-third of the husband's estate as *permanent* alimony. *Armstrong* v. *Armstrong,* 32 Miss., 279; *Verner* v. *Verner,* 62 *Ib.,* 260; *McFarland* v. *McFarland,* 64 *Ib.,* 449. Mr. Bishop says that the ordinary rule of temporary alimony is to allow the wife about one-fifth of the joint income. When the necessities of the wife have been large, one-fourth has been allowed. 2 Bish. on Mar. & Div., § 460.

Charging the husband in this case with insurance, taxes and building and loan dues, it will appear from the record that the appellee was allowed, as temporary alimony, about three-fourths of the total net income.

2. We respectfully submit that the allowance of $150 counsel fees was exorbitant. On this point, we refer to *Baldwin* v. *Baldwin*, 6 Gray (Mass.), 341. The evidence shows that appellee could have obtained the services of the best counsel for $100.

*J. R. McIntosh* and *G. Q. Hall*, for appellee,

Each filed a separate brief, making the following points, and rely mainly upon the same authorities:

1. The court allowed for the support of the wife a little over one-fifth of the undisputed income. Mr. Bishop says that about one-fifth is regarded as a fair medium, though the proportion will vary according to circumstances. The amount of alimony is a matter of discretion with the court, to be exercised with reference to an equitable view of the circumstances of each case, the general rule being that the wife is entitled to a support corresponding to her rank and condition in life and the estate of her husband. 2 Bish. on Mar. & Div., § 460; *Armstrong* v. *Armstrong*, 32 Miss., 290; *Porter* v. *Porter*, 41 *Ib.*, 118; *Verner* v. *Verner*, 64 *Ib.*, 184; *McFarland* v. *McFarland*, 64 *Ib.*, 449.

The issue was fairly presented, and this court will not disturb the finding of the court below, unless clearly against the evidence. The parties testified personally before the chancellor, and he had the opportunity to observe their manner and conduct, and was in a better position to judge of the amount to be allowed than this court can possibly be.

2. The reasonableness of the attorney's fee was also a matter to be determined by the chancellor, and we submit that the amount allowed is fully sustained by the evidence. The court adopted about an average of the judgment of the several members of the bar who testified in the case.

Campbell, C. J., delivered the opinion of the court.

We find no fault with the allowance by the court for the maintenance of the wife, but it seems to us that the allow-

ance for counsel fees is exorbitant. It is apparent that it was fixed on the basis of full compensation to her counsel for conducting her defense to the end of the litigation, and to result in the allowance to her of permanent alimony. This is premature. The allowance for means of defense should be limited by the necessity of the case and the reasonable cost of conducting the case of the wife; and, tested by this rule, the sum allowed for counsel fees should not have exceeded $100.

It is not to be assumed in advance that the wife will be successful, and secure a liberal alimony in the end, and pay her counsel on that basis *pendente lite.* A just allowance should be made for her defense, and, if she obtain large alimony, she can pay her counsel for that out of that. The court need not at once fix the sum to be allowed for counsel fees, and should not attempt to provide for contingencies. It may, from time to time, as the cause progresses, protect the wife by making proper allowance for her expenses of litigation. Its power is not exhausted by one exercise of it, and this furnishes a reason for not anticipating results and adjusting counsel fees on any assumed contingency. It is manifest from the testimony that the wife could secure proper counsel for the defense of her cause for much less than the sum allowed by the chancellor, and this is the true test. She is not to be allowed what may be considered just, as between her and the particular counsel employed, but what is a reasonable sum for the services of competent counsel in such a case. Grave considerations of policy forbid extravagant allowances by the court in such cases, and they should, in all cases, be limited by what is reasonable and proper to accomplish the purpose for which they are made.

In this case, the court directed the payment of the fee fixed to the solicitors of the wife instead of to her. This was not proper. The allowance is one to the wife, and not to persons not parties to the case.

The decree is reversed in so far as it allows $150 payable

to counsel, and decree may be entered here, if desired, for the requirement that the complainant shall pay \$100 to the defendant for expense of her defense.

*Decree accordingly.*