EUGENE BRADFORD *v.* SALINA BRADFORD.

DIVORCE. *Complainant's purposes in suing. Mala fide. Alimony pendente lite. Attorney's fees.*

A divorce will be granted the wife on final· hearing, if under the law and the facts she be entitled thereto, without reference to her purposes in suing; but where the real purpose of the suit is to coerce a conveyance of property, the wife not caring for the divorce itself, her application for alimony and attorney's fees. to be paid by the husband pending the suit, should be denied.

FROM the chancery court of Harrison county.

HON. STONE DEVOURS, Chancellor.

Salina Bradford, appellee, was complainant in the court below; Eugene Bradford, appellant, was defendant there. Salina sued Eugene for a divorce, claiming the same on two

grounds, one that Eugene, her husband, had deserted her for two full years or more, and the other that he had been guilty of adultery. The charges of the bill were denied by Eugene in his answer. This being the state of the pleadings, Salina made application to the court for alimony *pendente lite,* the facts on the hearing of which are stated in the opinion of the court. The court below granted the application, and Eugene appealed from the decree so doing to the supreme court.

*W. H. Maybin,* for appellant.

In the case at bar, the rule that the burden is on the complainant is not abrogated because the complainant is a woman and wife and the proceedings are for alimony *pendente lite;* nor is it to be departed from in the slightest degree, because society and public policy require that every safeguard be thrown around the marital relation.

The appellant, in season and out, labored with a persistence worthy of any cause, to get his wife to return to him, and resume the marital relation that had been broken by no fault or omission on his part.

The real motive that lies beneath this case is not a desire to obtain a decree, but the suit was brought because the husband declines to convey a half interest to property in Louisiana that is in very truth all his own, and the result of his own labor and economy, the other half of which he has already given to his wife, and its purpose is to compel him to convey.

The complainant tramples under foot every duty resting on her, with the reckless, scornful dash of a modern Sancho Panza, in petticoats.

The needs of the wife, and the ability of the husband to pay, seem to have been the sole issues determined in proceedings for alimony *pendente lite,* but surely it cannot be seriously contended, that in a court of equity, the power and right to determine when the question is squarely and sharply raised, that the bill was not filed in good faith.

Alimony *pendente lite* is not a vested right, but is a matter that lies in the sound discretion of the court.    2 Bish. on Marriage and Divorce, secs. 430, 9336, and 939.

This is purely a plain case of "stand and deliver," unsanctioned by reason, law, right, morals, or equity.    If it finds judicial approval, the law is a maudlin jest and equity a conscienceless comedy.

*Harper & Potter* and *Harper & Harper,* for appellee.

It is too elementary and well settled to require argument or citation of authorities to sustain the proposition that on the hearing of the motion in question, it was the duty of the chancellor to take the allegations of the bill as to the merits of the controversy as true, and that the only question open to evidence was as to the financial ability of the wife to carry on the divorce proceedings.    All else in the testimony was wholly irrelevant. The casual statement of the wife in her testimony that she brought this suit to force her husband to convey to her the land in Louisiana, has nothing to do with her right to maintain this suit.    What she really meant by this statement, as is manifest from a reading of the testimony, was that she did not care particularly for a divorce, but that she did want and expect a support from her husband, and that she desired and expected the same should be secured out of the Louisiana property.    But whether she be right or wrong in this desire, it certainly cannot effect the jurisdiction of our courts to grant her a divorce and alimony, if the showing she has made in her bill be true.    Manifestly, the case of *Suter* v. *Suter,* 72 Miss., has no application to the case at bar.    The complainant there attempted a fraud on the jurisdiction of our courts by alleging her domicile to be in Mississippi, when her husband lived in New Orleans, and hence her domicile followed his, and as both were domiciled in New Orleans, our courts had no jurisdiction of the case.    No matter what complainant's ulterior motive or purpose in bringing this suit may be, it cannot affect the jurisdiction of our

courts, if the allegations of her bill be true, to grant her a decree for a divorce and alimony.

We submit, that the sole proper inquiry in this case on the motion was whether the wife was able to prosecute this suit out of her own means or estate. Now, we submit, that on this point, which is the sole question at issue, the uncontradicted evidence is amply sufficient to support the chancellor's order. *Denton* v. *Denton,* 1 Johns Ch., 364; *Mix* v. *Mix, Ib.,* 109; *Porter* v. *Porter,* 41 Miss., 117; *Verner* v. *Verner,* 62 Miss., 260; *Garland* v. *Garland,* 50 Miss., 711; *McFarland* v. *McFarland,* 64 Miss., 450.

Argued orally by *W. H. Maybin,* for appellant, and *W. R. Harper,* for appellee.

WHITFIELD, C. J., delivered the opinion of the court.

It is, of course, elementary that a solicitor's fee will be allowed a wife pending the trial of a divorce proceeding, if only she filed her bill in good faith. This case, however, presents, on the testimony of the wife herself, a plain attempt to use the machinery of the court for the purpose of compelling the husband to convey to her certain community property owned by them in Louisiana. She expressly declares that to be the sole object of the suit, and that she would not have filed the bill for divorce but for that. It is plainly without good faith—a mere fraudulent attempt to use the machinery of the court as a leverage to compel the conveyance of property, without any care or concern as to obtaining a divorce. Such a case is not within the general rule stated. If she has a good ground for divorce, she may proceed with it if she desires, but paying her own counsel fees. No matter what her ulterior motive for filing the bill, if the fact exists entitling her to divorce, the judgment of the law will be so pronounced. But whether, coming herself in bad faith, and fraudulently seeking to abuse the process of the court, she can proceed under that state of case at

her husband's expense, is a totally different question. In such case, she is not entitled to alimony *pendente lite,* or to counsel fees. The motion for counsel fees here is denied, and, on the merits, the decree allowing alimony *pendente lite* and counsel fees is reversed, and the cause remanded, to be proceeded with in accordance with this opinion.

*Reversed.*