WILLIS T. Ross *v.* MARGARET B. Ross.

[42 South. Rep., 382.]

HUSBAND AND WIFE. *Alimony. Pendente lite allowance. Suit money. Discretion of court. Wife's means. Evidence. Parol testimony on motion.*

In a suit for alimony without divorce:

(*a*) An allowance for support *pendente lite* and suit money is not a matter of absolute right, but is addressed to the sound discretion of the court; and

(*b*) Such an allowance should be denied if it appear that the complainant is not without means of her own sufficient for her support, her solicitor's fees and expenses of the litigation; and

.(*c*) Oral testimony is admissible upon the hearing of the application to show the facts.

FROM the chancery court of Tishomingo county.

HON. JOHN QUITMAN ROBINS, Chancellor.

Margaret B. Ross, the appellee, was complainant in the court below; her husband, Willis T. Ross, the appellant, was defendant there. From an interlocutory decree in favor of complainant, awarding her alimony *pendente lite* and suit money, defendant appealed to the supreme court.

Appellee filed her bill in chancery against appellant, alleging that, without fault upon her part, he had refused to support her or to allow her to remain in his home, and that it was impossible for her to live with him. Her suit was for alimony, a divorce not being asked. The husband was charged to be a man of wealth, while complainant had but little means. The bill showed that complainant's estate amounted to only $1,258,

of which a part was in expectancy; and the husband's estate was worth not less than $40,000, producing an annual income of about $4,000. In addition to the prayer for permanent alimony, complainant asked that an allowance be decreed her for alimony *pendente lite* and for counsel fees.

Defendant's answer denied the material allegations of the bill, stating that his entire estate amounted to $21,800, a part of which was charged with a trust in favor of his children by a prior marriage; that complainant's estate was worth $2,460, a part of which was cash, and that she had ample means to support herself and pay her solicitors pending suit.

The motion of the complainant for alimony *pendente lite* and for solicitors' fees came on for hearing on bill and answer, no testimony having been previously taken. The defendant offered to introduce testimony showing that complainant had ample money to pay her counsel for prosecuting the suit and to support herself during its pendency, but the court below would not hear the same. The court below sustained the motion and allowed complainant for alimony *pendente lite* $30 per month, and $200 for suit money.

*J. M. Boone, J. A. E. Pyle,* and *Candler & Sawyers,* for appellant.

A wife is allowed alimony solely because it is the husband's duty to support her if she be without means. Accordingly, the only issue presented by appellee's motion for alimony *pendente lite* and solicitors' fees was whether the wife had means. Appellee's sworn bill shows upon its face that she is not without means; and, moreover, if appellant's answer is to be taken for anything, it shows her property to be valued at $2,460. Appellee's bill shows that at the time of its filing she had $458 in money; and the answer of her husband denied that the greater part of this amount had been expended; and inasmuch as her bill was filed twelve days after the separation, it would indi-

cate wonderful extravagance on her part in having spent the greater part of such sum in so short a while. This fact, coupled with the denial of the sworn answer, would at least require proof by appellee on the hearing of her motion, to show that she had exhausted her ready cash to such an extent as to necessitate an allowance to her by appellant for immediate necessities. By setting the motion for hearing upon bill and answer, the court declining to allow oral testimony, the allegations in the answer of appellant, to the effect that he did not desire her to leave his home, and that he wishes her now to return, and that he will perform all domestic obligations incumbent upon him, must be taken as true. Had appellant been allowed to introduce evidence on the hearing of the motion, he would have shown repeated efforts on his part personally, and through the ministers of the gospel and other friends, to induce the appellee to return to his home; all of which overtures were declined by appellee. Being thus deprived of the benefit of introducing evidence, it is but fair that the court should have given appellant full benefit of the averments of his answer.

Eliminating the pleadings, that is, the bill and answer, there was absolutely no proof before the court on which the court could render the counsel fees and alimony decreed to appellee.

It is well settled that a wife can present her bill in chancery against her husband praying for alimony without divorce; this was decided in *Garland* v. *Garland,* 50 Miss., 694; but it would seem to be equally as well settled that, in order for the wife to succeed, it is necessary that she shall show such facts in her bill as would authorize the court to grant a decree of divorce. See *Porter* v. *Porter,* 41 Miss., at page 118. In that case the supreme court used the following words: "If on the face of the bill it is apparent that no decree for divorce can be made, the application for alimony will be disallowed." And further, in the same case, the court said: "While, there-

fore, the court will not, on an application for alimony *pendente lite,* investigate the merits of the original bill, or inquire into the facts therein alleged, it must see that a case is stated on the face of the bill." We contend that, independent of the fact of there being an answer on file, the appellee was not entitled to a decree, as there is practically nothing in the allegations of the bill to support the same. The facts alleged do not make a case for relief. The differences existing between the husband and wife are no more than occur among many parties in every-day life. No divorce could be granted on the allegations of the bill.

But if we be mistaken in contending that the allegations of the bill are insufficient to secure relief, we contend, secondly, that as the answer denies every material allegation of the bill, the burden is upon appellee to substantiate her claims for alimony and counsel fees. Nothing may be taken as granted in the bill which is denied in the answer. Section 533 of the code of 1892 settles this.

We say, thirdly, that the records in the case upon which the motion was heard and decree rendered, show that appellee had sufficient means to support her, not only pending litigation, but also to pay her counsel for services in the suit. This being true, there is no authority in our state giving the court the right to decree alimony under such circumstances. In the case of *Porter* v. *Porter,* 41 Miss., at p. 118, the court said: "If the wife have a separate estate, by which she is enabled to prosecute her suit, without such allowance, the court will not grant her application until her means are exhausted." In *Verner* v. *Verner,* 62 Miss., 263, the court said: "No reason is perceived why she (the wife) should not be allowed alimony *pendente lite* and means to continue her suit, when her bill shows a cause entitling her to permanent alimony, and she is without means of present support, and unable to conduct her suit, rendered necessary by the refusal of her husband to maintain

her." Emphasis is laid upon the question whether the wife's estate is sufficient to maintain her or to pay the expenses of her litigation against her husband. The policy of the law is against encouraging litigation, and will afford the wife no aid in accomplishing the purposes which are subversive of the true policy of matrimonial law, and destructive to the interests of society. *Garland* v. *Garland,* 50 Miss., 715.

There is absolutely no proof in the record whereby the court could say that $30 per month as alimony, and $200 as a solicitor's fee, allowed to the appellee on her motion, constituted reasonable amounts under the circumstances.

In conclusion, we again urge that the case of *Porter* v. *Porter, supra,* settles this case. As regards the propriety of the lower court's allowing oral testimony on the motion, see *Dewees* v. *Dewees,* 55 Miss., 317. In the case of *McFarland* v. *McFarland,* 64 Miss., 451, the direct point in issue here was passed upon by this court. There the chancellor allowed oral testimony on the hearing of a motion for alimony *pendente lite,* and the court held that the chancellor in the lower court committed no error in allowing such oral testimony in evidence. Hence, the case must be reversed.

*Young & Young,* for appellee.

The bill of the appellee and the answer of the appellant, each being sworn to, were read as evidence on the hearing of the motion. The bill plainly showed that appellee was ordered by appellant to leave his bed, board and roof, and to return to a separate house and home owned by her; to take all of the things belonging to her out of appellant's house, "and not to take anything else." The bill further averred that appellant promised to supplement her bank deposit of about $450 with sufficient sum to make the amount $1,000; that no deposit was, however, ever made by him; that appellee has had to live with her sister in a rented house, and has been compelled to expend all of her bank deposit, and is now in straitened circumstances, having not

only her own individual expenses to meet, but also those of her two minor children by a prior marriage. And the bill further charges on oath that appellant has an estate of at least $40,000 valuation, and an annual income of not less than $4,000. The answer of the appellant admits the troubles alleged in the bill, existing between him and appellee, and although his answer avers that he has done all in his power to perform his duty toward his wife, he does not say that he has actually performed such duty. Nor does his answer deny the bill's allegation as to his large annual income. Again, in answer to the bill's charge that he has sold all of his property except the homestead, for the purpose of leaving appellee and moving out of the State, appellant merely states, in his answer, that he has not sold *all* of the property *he owns;* which must of course mean that he admits that he has sold at least some of the property.

At the hearing of the motion of appellee for counsel fees and alimony *pendente lite,* appellant asked leave of the court to introduce oral testimony, which the court declined to grant, on the ground that as the motion was set for hearing on bill and answer, oral testimony would be improper. When appellant suggested that he might wish to show a different condition of affairs from what his answer set forth, the court rightly held that he was bound by his answer. And when appellant insisted that he might wish to show by oral proof a condition of affairs changed in time since his answer was filed, the court correctly held that the same could not be shown by oral testimony, but by filing amendment to his answer.

The motion was simply set down for hearing on the face of the pleadings, and, on the hearing of same, the bill and answer were both read in evidence, resulting in the court's finding for appellee as shown in the record. The action of the court determined merely the right of appellee to alimony pending suit, and counsel fees. As to the amounts of the same, after the legal right had been determined, it was perfectly competent for the court to sat-

isfy itself in any way deemed proper. The court did satisfy itself, and it was as a result of this that the alimony of $30 and the counsel fees of $200 were decreed.

Counsel for appellant have insisted that the appellee's bill is fatally defective, in that it contains no ground for divorce. If the same be true, demurrer should have been interposed. The case of *Porter* v. *Porter,* 41 Miss., 118, cannot support the contention of appellant's counsel as to this. In that case, the bill was filed for a divorce, but contained no statutory ground for a divorce. A demurrer was interposed for that reason, and a motion was made and sustained, praying alimony, and same was 'allowed. On appeal to the supreme court, it was held that as the bill did not contain grounds for divorce, the decree for alimony was error, and hence the case was properly reversed and bill dismissed. Note, however, that case was where divorce was asked. Here Mrs. Ross asks for alimony only. Now, is it possible that the law requires her to await the expiration of two years of desertion—statutory time fixed as ground for divorce—before she could be entitled to alimony, as a result of her husband's leaving her? As regards the reference to *McFarland* v. *McFarland,* 64 Miss., 449, by counsel for appellant, we claim that that case cannot affect the appellee, under the circumstances shown in the pleadings.

In conclusion, we say that it is apparent that the appellant, in order to bring himself within the holding of this court in *McFarland* v. *McFarland, supra,* and also of *Bradford* v. *Bradford,* 80 Miss., 460, has made false charges in his answer to the effect that appellee has filed her bill merely to compel him to give up a large sum of money to her out of his fortune. The lower court was correct in seeing this, and in rendering decree as shown in the record.

MAYES, J., delivered the opinion of the court.

Without deciding any other question in this cause, we think the learned chancellor erred in not permitting the defendant to

introduce oral evidence at the hearing on the motion for alimony *pendente lite*. Without any proof before the court, an order was made allowing $200 counsel fees, and $30 per month alimony. The allowance of alimony *pendente lite* is not a matter of absolute right, to be allowed under any and all circumstances, but is one which is addressed to the sound discretion of the court, having in view the circumstances of the party making the application, together with the circumstances of the husband, which is always a matter of proof. It must appear that the wife is without means to maintain herself and properly conduct the suit, and whenever she has sufficient means for this purpose, alimony *pendente lite* will not be allowed. She will not be required to exhaust her resources for the purpose of conducting the suit before she may claim alimony *pendente lite;* but if she has a sufficient property to maintain herself and conduct her suit, it is not proper to allow alimony *pendente lite*. Particularly is this the case where the sole purpose of the suit is to have the court fix permanent alimony. The bill in this case shows that Mrs. Ross had real estate, personal estate, and property in expectancy, amounting to $1,258. This sum may or may not have been sufficient for the purpose of enabling her to properly conduct her suit and maintain herself while the suit was pending; but it was a question that was open to proof, and the court should not have excluded the defendant from introducing oral proof showing that it was sufficient, if he could. The defendant further had the right to take proof as to what was a reasonable attorney's fee to be allowed.

In the case of *Porter* v. *Porter,* 41 Miss., 116, the court said: "If the wife have a separate estate, by which she is enabled to prosecute her suit without such an allowance, the court will not grant her application until her means are exhausted. The amount of allowance is a matter in the discretion of the court, depending upon the circumstances of the parties and the pecuniary ability of the husband." And, further, it says: "In deter-

mining what is the proper allowance, it must be informed of the condition and circumstances of the party and the pecuniary ability of the husband." Without the proof offered by defendant, we hardly see how the court could have been informed of the condition and circumstances of the party, or what would be its guide as to what was a proper allowance. In the case of *Verner* v. *Verner,* 62 Miss., 260, the bill shows that the wife had no separate estate, but was dependent upon her own exertion for maintenance and support; and the court said, under these circumstances, she was entitled to be maintained by her husband, and alimony *pendente lite* was allowable, she being without means of support and unable to conduct her suit. In the case of *McFarland* v. *McFarland,* 64 Miss., 449 (1 South. Rep., 508), the chancellor heard oral testimony to show that the wife had no separate property and what sum would suffice to support her during the litigation, and also what would be a reasonable fee for her attorney; and the court held that the admission of this testimony was proper. In the case of *Garland* v. *Garland,* 50 Miss., 694, the facts show that the wife had no means of support for herself and family. It will thus be seen that, in all the cases that have been decided by this court, alimony *pendente lite* and counsel fees have been allowed only in cases where the wife was without proper means to conduct her suit and maintain herself while the litigation was progressing.

There is no proof in the record that the amount of property she owns was not sufficient to properly maintain herself and conduct this suit, and the right of defendant to show this is denied him by the court. If the amount of property owned by the wife was not sufficient to maintain her and enable her to prosecute her suit, alimony *pendente lite* and counsel fees were properly allowable, in the discretion of the court, taking into consideration the circumstances of the wife and the circumstances of the husband in making the allowance. He may require a greater or less allowance, as the proof may have shown the necessities; that is

to say, the allowance made for counsel fees and alimony *pendente lite* should have been graduated according to the amount necessary to supplement the wife's means, in order to enable her to maintain herself and conduct her suit, and this could only be shown by the proof.

*For this reason, let the cause be reversed and remanded.*