# CASES ARGUED and DETERMINED.

IN THE

# SUPREME COURT OF MISSISSIPPI

AT THE

## MARCH TERM, 1921.

---

G. D. HOOK & CO. *v.* MILLER.

EVANS *v.* EVANS.

[88 South, 481, No. 21814.]

DIVORCE. *Wife not entitled to alimony pendente lite, where her estate sufficient.*

The wife is not entitled to alimony pendente lite in proceeding for a divorce, when she has an estate sufficient to enable her to maintain herself and to prosecute the suit.

Appeal from chancery court of Leflore county.
HON. G. E. WILLIAMS, Chancellor.

*Means Johnston & J. M. Forman* for appellant.

Suit by Mrs. Ella Evans against William T. Evans for divorce. From a decree awarding plaintiff alimony *pendente lite,* defendant appeals. Motion was also made by plaintiff for alimony pending a disposition of the cause by the supreme court. Motion overruled, decree reversed, and cause remanded.

For some reasons satisfactory to counsel for appellee they have disregarded the burden that is upon them of proving: First: That she is without means to maintain herself and to properly conduct her suit. *Porter* v. *Porter,* 41 Miss. 116; *Ross* v. *Ross,* 42 So. 382. But on the other hand, they confine themselves entirely to the proof of the

(1)

pecuniary ability of appellant, being one of the necessary things to take into consideration after having made proper proof of the inability of the wife, as required by the Porter case and the Ross case above cited. We contend that under the authorities of these two cases and others, that in order to give the court jurisdiction to award alimony *pendente lite* and counsel fees, that these two things must not only be alleged, but must be made to appear and proven by satisfactory and competent evidence, and this burden of proof is upon appellee to establish these facts to the satisfaction of the court, before any such allowance of alimony *pendente lite* and counsel fees, even become a matter within the sound discretion of the court.

Notwithstanding that the case of *Porter* v. *Porter, supra,* and *Ross* v. *Ross, supra,* has placed the burden of proof upon appellee to show that the necessity therefor must appear on the part of the wife for her want of means, or of insufficient means to maintain herself during the litigation, and notwithstanding the fact that this necessity must not only be alleged and made to appear and be proven by competent and satisfactory evidence before the court has jurisdiction to award alimony *pendente lite,* and counsel fees, counsel for appellee are silent as a tomb, as to the facts and admissions made by appellee on cross-examination as to her necessity, when she admitted that she sold her home in 1919 at Maben, Mississippi, after she had already filed her bill of complaint in this cause for the sum of twelve hundred dollars; (see her testimony, r. 37, for price and r. 34 for date of sale) ; silent as to the fact that she admitted that she had sold her town property for the sum of sixteen hundred dollars in the year 1917, of which sum two hundred and fifty dollars was cash and the balance in one, two, three, four and five years; silent as to the fact that she admitted that she had sold her farm near Sidon in Leflore County, on October 22, 1919, for the sum of three thousand dollars which sale was made just six days before she filed her bill of complaint, in this cause; silent as

to what she obtained for her household goods sold in Maben, Mississippi; silent as to the fact, that she had sold real estate of the aggregate value of five thousand eight hundred dollars, not including the amount realized from the sale of her household goods sold at Maben, Mississippi. What explanation has she made to show what has become of the proceeds of the sale made before the filing of her bill and one made since the filing of her bill.

The burden of proof is upon her. On the admissions here made by appellee can it be said that the burden of proof has been met? Can it be shown from this record that the wife was without means to maintain herself and properly conduct her suit.

The wife having a separate estate by which she is able to prosecute her suit without such allowance, the court wll not grant her application until her means are exhaust-ed. *Porter* v. *Porter,* 41 Miss. 116; *Ross* v. *Ross,* 42 Rep. 382.

*Gardner, McBee & Gardner,* for appellees.

We respectfully submit, that there can be no question but that alimony is a money demand, and that an equitable right to enforce this demand exists for the wife as against the husband.

Maintenance of the wife is a vested right on her part based on the marriage contract. If she is abandoned by her husband and left without means of support, a bill in equity will lie to compel him to support her. *Garland* v. *Garland,* 50 Miss. 694; *Dewees* v. *Dewees,* 55 Miss. 315; *Vernon* v. *Vernon,* 62 Miss. 260; *McFarland* v. *McFarland,* 64 Miss. 449; *Scott* v. *Scott,* 75 Miss. 575.

We have before us, counsel's brief, in which he argues questions not in the record, and cites cases from other courts. If there is one subject of the law, that is necessarily and peculiarly covered by statute, it is the subject of divorce.

We dare say that there are no two states in the Union that have identical statutes on this subject, and the, question of uniform divorce legislation is a question that is being considered to some extent by the law-makers of the country. However, this divorce and the alimony claimed, is to be determined under the laws of the state of Mississippi.

Counsel has argued that this court should first ascertain whether or not it has jurisdiction. We submit that we tendered that issue in the original bill, and that the court necessarily determined that it had jurisdiction, before it granted the divorce. In other words, we say it was proven to the court by competent evidence, when the divorce was granted that Mrs. Evans was a citizen of Leflore County, Mississippi, otherwise the court could not have granted the divorce. The evidence is of course, not in this record, but, this court is bound to presume that the lower court had such evidence before it.

When the case was heard on the present decree now before this court on appeal, the appellee again offered testimony to the effect that she was a citizen of Leflore County, Mississippi, residing at Sidon, which testimony was unequivocal. The court then determined that it had jurisdiction, and awarded her temporary alimony.

Appellant has never done anything in the way of producing proof. In his brief he argues that the court ought to have first determined whether or not it had jurisdiction and cites the case of *Hart v. St. Paul,* 28 So. 915. To read that case is to distinguish it from the case at bar. There the defendant entered a special appearance, here a general appearance. There alimony cannot be proceeded for in a separate action from a divorce proceeding. There the defendant need not plead to the merits, if he decline the jurisdiction of the court before whom the suit is brought. Here he has entered a general appearance, and the judgment that was entered against him is a personal judgment. If we presume that the attachment was wrongfully sued

out, he was before the court on a cross-bill attacking the jurisdiction of the court. Issue was joined on the pleadings and he declined to enter the battle at the October Term of court, by motion at page 53, which motion was overruled, and the main case continued.

We submit that with the appellant before the court it could not be error to enter a personal judgment against him. Code section 1693, Code of 1906, section 1415, Hemingway's Code, has been construed in the case of *Howard* v. *Howard,* 107 Miss. 113 and *Millis* v. *State,* 106 Miss. 131, which holds that this section is broad enough to grant the court authority to imprison the defendant for contempt upon the failure to pay alimony. This case is followed by the case of *Edmondson* v. *Ramsey,* 84 So. 455, in which it is said, in speaking of the court: "It had the inherent right to enforce its orders, judgments or decrees."

We respectfully submit that if the court had authority under this statute to sentence the defendant to jail, there could be no question about the execution. Counsel's chief complaint in this case is that the court was without jurisdiction of the defendant, because the attachment was not lawfully sued out. The case of *Standard Oil Co. of Kentuck* v. *State,* 107 Miss. 377; *Fisher* v. *Pacific Mutual Life Insurance Co.,* 112 Miss. 30; *Wainwright* v. *Atkins,* 104 Miss. 438, have ruled this point against him.

We respectfully submit that if the process had been issued on, the amended bill, that counsel has entered the appearance of his client, and that he is before the court generally. On the whole case, we submit, that the finding of the lower court is eminently proper and correct, and should not be disturbed.

The award of temporary alimony is within the sound discretion of the trial court and will not be disturbed on appeal unless it is erroneous on its face, or unjust to either party or oppressive. *Winkler* v. *Winkler,* 104 Miss. 1, 61 So. 1; Anno. Cas. 1915C, 1250.

We respectfully submit that this case should be affirmed

SMITH, C. J., delivered the opinion of the court.

This is an appeal from a decree awarding the appellee alimony *pendente lite* in a proceeding by her for a divorce. A motion has also been filed by the appellee for alimony pending the disposition of the cause in this court.

It appears from the evidence that the appellee has a separate estate amounting to four thousand two hundred dollars, and there is nothing in the evidence to indicate that it is insufficient to enable her to maintain herself and to prosecute this suit; consequently she is not entitled to alimony *pendente lite*. *Porter* v. *Porter,* 41 Miss. 116; *Ross* v. *Ross,* 89 Miss. 66, 42 So. 382.

The motion will be overruled, and the decree appealed from will be reversed and the cause remanded.

*Overruled, reversed and remanded.*