BOYD *v.* BOYD.

(Division B. March 9, 1931.)

[132 So. 752. No. 29263.]

Engle & Laub, of Natchez; for appellant.

**Kennedy & Geisenberger,** of Natchez, for appellee.

**Ethridge, P. J.,** delivered the opinion of the court.

Mrs. Boyd, wife of the appellant, filed a bill in the chancery court alleging that she and M. E. Boyd were married in 1894, and that after their marriage they acquired by joint labors considerable country property and

engaged in farming and cattle raising; that about 1925, while they were living together as husband and wife on their said plantation, the husband, M. E. Boyd, desired to sell the plantation and the cattle, to which the complainant objected, but the husband represented that it would be to their advantage to do so, and that he agreed that, if she would sign the papers and consent to the sale, he would give her one-half of the proceeds of the sale; that the husband made the sale and she signed the deed in pursuance of said agreement, and that they moved to the city of Natchez and acquired a home in Arlington Heights in said city, and that the husband deposited money in various banks in the city in his own name; that the husband became abusive and threatening after they moved to Natchez, and conducted himself in such way that on account of the complainant's health and feebleness she was forced to get her a boarding place, and since said time the husband had rented the home and she had no place to call home and was without means except her interest in the said accumulations; that while her husband pays her board at the present time he gives her no money whatever for other purposes and neglects her, and that she would fear for her safety to again live with him. She alleged that the accumulations amounted to about eleven thousand dollars, and that she is entitled to a division thereof and to possession of her part. It was further alleged that she is sixty-eight years of age and the defendant about sixty, and that she is now practically helpless and is entitled to alimony and attorney's fees. She prayed for an accounting as to the said partnership property as by arrangement mentioned, and that she be allowed a one-half interest therein, and that garnishment issue to the certain banks named in the bill.

The defendant admitted the marriage, and that they lived on a farm as aforesaid, and that he had accumulated considerable property by industry and frugality, but

denied that the wife had any interest therein, and that the only service she performed was the ordinary service as housewife, and denied the agreement set up in the bill that he was to give her one-half of the proceeds of the sale of the farm property and the cattle as a consideration of the sale, and said that the only right she had was homestead right in one hundred and sixty acres, which was only a small part of the farm property. He denied that he had threatened or mistreated her in any way, and averred that he kept nurses looking after her from time to time as her condition demanded, and averred that she was physically and mentally ill, and he tried to have her placed in a sanitarium, and that neither of the sanitariums in Natchez would take her, and that he was advised by physicians to have her placed in an institution where special care could be given her condition; that two local physicians filled out papers to have her committed to an institution, but that the defendant did not send her there, but arranged for a boarding place and for her to receive attention and to be cared for. He denied the allegations as to mistreatment and as to any danger of her living with him, and denied her ownership of any of the property.

There was a motion for temporary alimony and counsel fees pendente lite, and on the hearing the chancellor allowed attorney's fees to the amount of one hundred twenty-five dollars and fifty dollars per month alimony, or support money, the fifty dollars to be paid on or before the fifth day of each calendar month, and the attorney's fees to be then paid, but the court granted an appeal and superseded the payment of the attorney's fees pending appeal, the concluding part of the decree, with reference to appeal, reciting: "And defendant, feeling aggrieved at the decree of this court, has prayed an appeal to the Supreme Court of the state of Mississippi, which is hereby granted. Supersedeas as to attorneys fee allowed."

It will be seen that the appeal was not granted to settle the principles of the case, but only upon the theory that money was ordered to be paid. It is urged by the appellant that the support money and attorney's fee should not have been allowed because the purpose of the bill was to seek a division of the property between the husband and the wife. Counsel relies upon Bradford v. Bradford, 80 Miss. 467, 31 So. 963, to sustain the appeal. In that case the court said the wife expressly declared that the sole object of the suit was to secure a division of the property, and that she would not have filed a bill for divorce but for that. There was an express declaration by the wife in that case that the sole object of filing suit was to obtain possession of part of the property involved, and the court said that it was plainly without good faith, a mere fraudulent attempt to use the machinery of the court as a leverage to compel the conveyance of property, without any care or concern as to obtaining a divorce. We do not think this case applicable to the case before us. It is true the wife proceeded upon the theory that she had a right to a one-half interest in the property, and if she obtained that she would be able to maintain herself. However, the facts stated in the bill entitle her to support and to counsel fees to enforce her rights to support. The evidence warranted the chancellor in making the allowance that was made. We do not see that there was any need for an appeal in this case. The case should have proceeded to judgment before being appealed, but we find no error in the chancellor's ruling as to allowance of attorney's fee and support money, and the judgment will be affirmed and the cause remanded.

Affirmed and remanded.