REES *v.* REES.

(Division A. Jan. 29, 1940.)

[193 So. 334. No. 34063.]

(Division A.  March 25, 1940.)

[194 So. 750.  No. 34063.]

Hugh **V. Wall**, of Brookhaven, and **Robertson & Robertson**, of Jackson, for appellee on motion.

**Wm. Harold Cox**, of Jackson, for appellant, on motion.

**Wm. Harold Cox,** for appellant on merits.

Hugh V. Wall, and Robertson & Robertson, for appellee, on merits.

Griffith, J., delivered the opinion of the court on motion.

At a vacation hearing had, as this record shows, by the consent of the parties, the chancellor made an order for the payment to appellee of the sum of $200 for so-

licitor's fees in her divorce suit then pending against appellant. From this order appellant requested and obtained from the chancellor an order allowing an interlocutory appeal to this Court.

Appellee has moved to dismiss the appeal because not allowable under section 14, Code 1930, as appellee contends. Were this a new question we might be disposed to sustain the motion on the ground that the allowance of the solicitor's fee in a divorce case is a mere procedural step entirely apart from the merits of the litigation—that such an allowance is analogous to costs. But for years interlocutory appeals from such orders have been entertained, and inasmuch as the statute has been re-enacted in the same words since those decisions, the rule has now become a part of the statute. Some among those cases are: McFarland v. McFarland, 64 Miss. 449, 1 So. 508; Parker v. Parker, 71 Miss. 164, 14 So. 459; Bradford v. Bradford, 80 Miss. 467, 31 So. 963; Reed v. Reed, 85 Miss. 126, 37 So. 642; Ross v. Ross, 89 Miss. 66, 42 So. 382; Robinson v. Robinson, 112 Miss. 224, 72 So. 923; Evans v. Evans, 126 Miss. 1, 88 So. 481; McNeil v. McNeil, 127 Miss. 616, 90 So. 327.

The order appealed from was entered on September 28, 1939, and the notice given the court reporter to transcribe the stenographic notes was given on October 9, 1939. Appellee has moved to strike the court reporter's transcript because the notice was not given within the ten days prescribed by statute, section 725, Code 1930, as amended by chapter 236, Laws 1936. This motion must be sustained under the authority of Mayflower Mills v. Breeland, 168 Miss. 207, 149 So. 787 and the cases cited in the opinion therein, as well as several other cases to the same effect.

Appellee has moved for an order to be made by us allowing her a solicitor's fee for the present appeal, and has suggested $100 in accordance with the usual practice of allowing a fee in one-half the amount fixed for services in the trial court. The usual practice mentioned

here has had application where the appeal here involved the case on its merits. What is before us now is a mere collateral matter, and we think that when compared with the $200 in the trial court, a fee of $35, although small, is all that this present appeal will bear.

Motion to dismiss appeal overruled, and case reset for first call in March; motion to strike court reporter's notes sustained; and motion for the allowance of a solicitor's fee on this appeal is sustained.

Smith, C. J., delivered the opinion of the court on merits.

The parties hereto are husband and wife, and the suit is by the appellee for a divorce and the custody of her and the appellant's minor child. No final decree has been rendered, and the appeal is from two orders, providing for the custody of the child, pending the final outcome of the suit, and an order awarding the appellee an attorney's fee of $200.

We cannot entertain the appeal from the orders providing for the custody of the child. They are interlocutory, and no order appears granting an appeal therefrom and the appeal bond was not filed within the time required therefor by section 14 of the Code of 1930.

The transcript of the evidence introduced at the hearing of the motion for the attorneys fee was stricken from the record at the last term of this court, Rees v. Rees, 193 So. 334, so that we are unable to say that the fee of $200 is excessive. The decree awarding the attorneys fee recites "that complainant, Rene Wright Rees do have and recover the sum of $200 of and from defendant, Claude E. Rees, for and on account of fees of her solicitors, Hugh V. Wall and Stokes V. Robertson. . . ." The appellant says he should have been charged with an attorney's fee sufficient only to enable the appellant to obtain the services of one attorney. This is true. The award to a wife of money for the payment of an attorney's fee by her in a divorce proceeding is not for the benefit of nor is made direct to the attorney

or attorneys employed by her, and that she succeeds in obtaining the services of more than one attorney therefor is of no concern to the husband. Whether the fee allowed here was more than was necessary for obtaining the services of one attorney does not appear—the evidence relative thereto not being before us.

The appeal from the orders providing for the temporary custody of the child will be dismissed. The decree allowing an attorney's fee will be affirmed.

So ordered.