## BOBE, Adm'r, *vs.* FROWNER & WIFE.

1. It is in the discretion of the primary court to permit a plea to be filed at any time before the trial of a cause, and the exercise of such discretion is not revisable on error.

2. A demurrer to a plea admits it to be properly filed and only brings in question its legal sufficiency.

3. If an administratrix marries pending a suit against her as such, the plaintiff may proceed to judgment without making the husband a party.

4. The marriage of an administratrix does not divest her of the title to the assets of the estate, but they remain subject, notwithstanding the coverture, to be seized and sold under execution against her in her representative character.

5. The husband of an administratrix is liable for the devastavit of the wife, whether committed before or during the coverture, if his liability be fixed before the death of the wife.

6. In an action against husband and wife to recover upon a judgment rendered against the wife as administratrix, suggesting a devastavit by her, a plea that the defendants intermarried before the rendition of such judgment, is no bar to the action, and is properly adjudged bad on demurrer.

Error to the Circuit Court of Mobile. Tried before the Hon. John Bragg.

Stewart, for the plaintiff in error:

1. The new trial was granted on the condition that issue should be joined at next term. The defendants had no right

7

to plead any special plea, but were bound by the condition to join issue on the declaration. The condition was not to plead to issue, but it was to join issue on what was already avered before the court. By the course pursued, no issue was joined, but the plea attempts to set out new matter by special plea, or to treat it as new matter, and thus avoid joining issue on the averments, as alleged.

2. Where an action is pending against the wife, her marriage cannot defeat the action, but it must proceed as if she had not married.—Roosevelt v. Dale, exec'x, 2 Cow. 581; 1 Chitty's Pl. 449-57-58-59; Cooper v. Hunchin, 4 East. 521; King & Wife v. Jones, 2 Strange, 811; Marden v. Lee, 3 Burr. 1469; Anonymous, 1 Salk. 117; Ib. 1 Show. 89; King & Wife v. Jones, 2 Lord Ray. 1525; 2 Saun. R. 220, (side p. 72, k, l, m.)

3. And after judgment against the wife, execution can issue against her.—Cooper v. Hunchin, 4 East. 521; Doe v. Butcher, 3 Maule & Sel. 557; Doyley v. White, Cro. James, 323.

4. The husband is chargeable for the torts of the wife, whether before marriage or after marriage, and can be charged with them in an action against husband and wife.—5 Com. Law R. 422; Keyworth v. Hill, 3 Barn. & Adol. 685.

WM. G. JONES, 'for the defendants:

The usual and proper course for the plaintiff to have taken in his original suit, would have been to make the husband, Frowner, a party to the suit by *scire facias.*—Clay's Dig. 314, § 8. What was the effect of the plaintiff having taken judgment against the female defendant, in the original case, without noticing her marriage, or making her husband a party? Whether such judgment is void or voidable only, it is sufficient for the defendants in this case to show that it constitutes no legal liability on the husband.

It is a general rule, that the wife after marriage cannot make any valid contract binding the husband, without his knowledge or consent. It would seem to follow from this, that she cannot bind the husband by allowing a judgment to be taken against her, as if she were a *feme sole.* If she could do this, she might thus indirectly bind her husband for any amount, and in fact might ruin him. This especially should not be allowed in a case against a *feme sole* administratrix, who marries before judg-

ment. By the marriage, the husband becomes administrator. He can act as such, without the concurrence of the wife, and she during the coverture can do no valid and binding act as administratrix.—1 Roper on Hus. & Wife, 187, (32d vol. Law Lib. 120;) Wms. on Ex'rs; Pistole v. Street, 5 Port. 64-70. By a judgment against an administrator, and a return of *nulla bona* on the execution issued on it, a devastavit is fixed on the administrator. Now, to hold that the judgment taken against Mrs. Frowner as administratrix, *after her marriage*, and without making her husband a party, constituted any liability on the husband, would be to enable her, without his knowledge or consent, to fix a devastavit on him. The plaintiff in his original suit might have made the husband a party by *sci. fa.*—Clay's Dig. 314, § 8. It seems that in that suit the defendant could not plead her coverture, which occurred after the suit was commenced, either in abatement or in bar.—1 Chitty's Pl. 449; 2 Roper on Hus. & Wife, 128, (32d Law Lib. 78.) The plaintiff then had his election in the original suit, either to go on against the *feme* defendant *alone*, without making the husband a party, or to make the husband a party. If he wished or intended in any way to make the husband liable, or to affect his interest, he was bound to make the husband a party. By taking the opposite course, he has elected to look to the wife alone, and can have no recourse against the husband. See, specially, what is said by the judges, in Cooper v. Hunchin, 11 East. 521. The case of Haygood v. Harris, 13 Ala. 65, is not precisely in point, but it is fairly inferable from what is said by the court, that the judgment rendered against a married woman, as if she were a *feme sole*, would not be binding on the husband.

CHILTON, J.—The declaration in this case contains two counts, to each of which a demurrer was interposed.

The first count avers a suit by Bobe, the plaintiff in this suit, against one Acre; that pending the suit Acre died, and his widow, who had been appointed his administratrix, was made a party defendant to said action; that Bobe recovered judgment against her, on the 23d April 1840, for $1,031 $\frac{87}{100}$, besides costs of suit, to be levied of the goods and chattels of the said Acre in her hands as administratrix unadministered; and that execution duly issued on said judgment and had been returned "no pro-

perty found." It is further avered, that property of the said
Acre came to the hands of said administratrix, to the value of
$12,000, which she has wasted and applied to her own use; that
she afterwards married James Frowner, her co-defendant in this
action; and that the said judgment remains wholly unpaid.

The second count alleges that the present plaintiff, as admin-
istrator, &c. recovered a judgment, &c. in said court against
the defendant, Mary Ann, who was then the administratrix of
Samuel Acre, deceased, for the sum of $1031 $\frac{87}{100}$, besides costs,
which judgment remains of full force and unsatisfied.

The demurrers to these counts being overruled, the defend-
ants pleaded five several pleas.   The fifth plea, to which a de-
murrer was overruled, was in these words : "And for a further
plea in this behalf, the said defendants say, that the said plaintiff
ought not to have and maintain his aforesaid action thereof
against them, because they say, that before the rendition of the
said judgment in the said plaintiff's declaration mentioned, to-
wit, on the 4th day of June 1839, in the county aforesaid, the
said defendant, Mary Ann, intermarried with the said defendant,
James Frowner, and that the said defendant, Mary Ann, was,
at the time of the rendition of said judgment, a married woman,
and this the said defendants are ready to verify; wherefore, they
pray judgment, &c.

This being adjudged on demurrer to constitute a good
bar to the action, the plaintiff refused to reply to it, and there-
upon judgment was rendered by the court for Frowner and wife.
Before, however, proceeding to consider the questions raised,
as to the sufficiency of the plea and declaration, it may be pro-
per to notice some preliminary objections made to the time of
filing the plea, as well as the right to file it under the previous
order of the court granting a new trial.   The verdict of the
previous term had been set aside, and a new trial granted upon
condition of payment of cost and "joining issue" by the next
term.   The counsel for the plaintiff in error insists that by
joining issue was meant, that the defendants should take issue
upon the facts avered in the declaration, and that they were not
authorised to file a special plea alleging new matter.   In our
opinion, the order should not be understood in so restricted a
sense.   The verdict having been set aside without designating
the character of the pleading, upon which issue was to be joined,

Bobe, adm'r, v. Frowner & Wife.

it was competent for the court, at any subsequent term, to allow the defendants to plead any plea which might be deemed necessary to reach the merits of the controversy. We do not think the order was designed to limit the defendants to the general issue, but was an exercise of the discretionary power of the court to speed the cause, and have it ripe for a hearing at the next term, requiring, however, no waiver on the part of the defendants of any plea which they might otherwise have pleaded. It was within the discretion of the court to allow the plea to be filed, and this discretion is not revisable on error.—Planters' & Mer. Bank v. Willis, 5 Ala. 770. Besides, the demurrer to the plea admits it to be filed, and upon such demurrer the plaintiff can only contest its legal sufficiency.—Powers v. Bryant's Adm'r, 7 Port. R. 9.

We then come to the examination of the novel question presented by the plea, which, so far as we are advised, is for the first time presented in this court. The proposition may be thus stated—Is a judgment rendered against an administratrix, who marries pending the action, but whose husband is not made a party to the suit, and upon which judgment a return of "no property" has been made on an execution, *de bonis intestatis*, binding upon the husband and wife, and can a recovery be had thereon against them, upon a declaration on the judgment, suggesting a devastavit? It is a general rule, that when a *feme sole* is sued for a debt contracted *dum sola*, and she marries pending the action, such marriage cannot be pleaded, either in bar or in abatement of the suit. The plaintiff, if he elects to do so, may proceed in the action, without regarding the marriage, and take judgment against the wife. He may also have his execution, but, as her estate is transfered by the marriage, her personal property absolutely, and her real estate pending their joint lives, nothing ordinarily can be taken in execution, so that the process becomes nugatory. But, it is said, the wife in such case, by the English law, may be taken with a *ca. sa.*, and the debt secured perhaps in this way.—1 Chitty's Pl. 449, and cases cited; 1 Bacon's Ab. by Bouv. 19; Roosevelt v. Dale, 2 Cow. R. 581. In the case last cited, the administratrix married pending the suit, and it progressed against her without noticing the marriage, but the husband was regarded as the party to be really affected, and was allowed to interpose and make affidavits as the sub-

stantial party.    We may then consider it as a clear proposition,
that judgment may be rendered against an administratrix, not-
withstanding she marries pending the suit.—1 Chitty's Pl. 57.
Having progressed thus far, let us inquire whether this judg-
ment, *as against the assets of the estate*, could have been made
available.

It is certainly true, that upon the marriage, the husband, for
his own safety, becomes the administrator in right of his wife,
and he can take possession of the assets, and dispose of them
even against her consent, and she becomes incapable of con-
troling him in the exercise of the powers of an administrator
during their joint lives.—Pistole v. Street, 5 Port. 64.    But
although, as we have said, the marriage is a transfer to the hus-
band of all the personal property in possession of the wife at
the time of the marriage, or which might thereafter come to her
possession *in her own right*, yet it makes no gift to him of the
goods and chattels which belonged to her in *auter droit*, as exe-
cutrix or administratrix; because, says Sergeant Williams, "such
a gift might prove disadvantageous to the creditors, &c. of the
testator or intestate; besides, since the wife takes no beneficial
interest in the property, there is none which the law can trans-
fer to him."—1 Wms. Ex'rs, 599.    He has the power of dis-
posing of the assets, but if he die before doing so, the estate of
the wife, never having been divested, survives to the wife; neither
do the outstanding assets survive to the husband in the event of
her death, but go either to the executor of the wife, if she make
a will of the assets to which she was entitled as executrix, or
to the administrator *de bonis non* of the original testator or intes-
tate.—1 Wms. Ex'rs, 598; Ib. 40.    As then the judgment
against the wife is valid, notwithstanding the intervening cover-
ture, and her title to the assets is not divested by the coverture,
it follows that they may be levied on and sold under the execu-
tion against her.    In Harris v. Corliss, 4 Mass. R. 659, it was
held, that where a *feme sole plaintiff* married pending the suit,
and the defendant pleaded the marriage in abatement, it was
proper to give judgment against her for the cost.    It was ob-
jected in that case, that the judgment for costs against the wife
would affect the interest of the husband, who was no party to
the suit, but it was replied by the court, that such execution
could not be levied upon the goods of the husband, nor could

his body be taken, but she might be arrested and imprisoned, if he failed to pay the debt. It was further said, "if, instead of an execution on the judgment, the party recovering costs shall sue out *scire facias*, or bring debt against the husband and wife, he must have judgment, *for the husband cannot inquire into the merits of the former judgment.* So, on the other hand, if the judgment against the wife be erroneous, the husband may bring error, suing it in his own and in his wife's name, to reverse it." In this case the declaration avers the judgment against the wife as administratrix, the issuance of an execution against the goods of the intestate, and a return thereon by the proper officer that no such goods were to be found. This proceeding is clearly regular as against the wife—she had the privilege (and her husband through her was entitled to the same) of pleading *plene administravit,* but this was not done. The husband could have appeared, and under our practice, upon a suggestion of the marriage, have been admitted as a party, but he failed to do this. It is said he received no notice. This was his misfortune, if he has been injured by the want of it, and the fault of his wife, the administratrix, in not advising him. But the creditor is not to be prejudiced by his failure to come forward and defend. True, the latter could have become the actor under the statute by *scire facias* in making him a party, but he was not bound to pursue this course, and could, as we have shown, proceed against the wife alone.

The record then furnishes the evidence of a devastavit against the wife. This is very clear. The next question then is, whether the husband is liable for her devastavit, and upon this point the authorities all agree that he is, whether the waste occurred before or pending the coverture, if his liability is fixed before the death of the wife. So, on the other hand, it is held that if the husband, who takes upon himself the administration in right of his wife, commit a devastavit and die, the wife, surviving him, is liable for his waste. Such was the decision in Anngell v. Sir Wm. Cooper, Croke Chas. 519—see also, Com. Dig. 200; Cro. Jac. 191; 1 Roll. Abr. 931. The English practice in such case is, that after an execution of *fieri facias de bonis testatoris* has been returned "*nulla bona*," the plaintiff suggests a *devastavit* upon the roll, and a writ of *scire fieri inquiry* is awarded, and if the sheriff return a *devastavit,* he is

required to summon the husband and wife, executor, &c. to show cause why execution de bonis propriis should not issue—(Lord Mounson v. Bourn, Croke Car. 527)—but the party may resort to suit upon the judgment, as with us.—1 Roper on Hus. & Wife, 202.

We have thus far treated the case, as though a return of *nulla bona* upon an execution issued on the original judgment had to be made to fix the liability of the wife; but it seems to be settled, that where the suit is upon the original judgment, and a devastavit is charged in the declaration, it is not required that any *fieri facias* should have been sued out upon such original judgment.—Roper on Hus. & Wife, 203, and cases cited; Sid. 397; 1 Wils. 258; 3 T. Rep. 685. We see no difference in principle, as the husband is liable for the devastavit of the wife, whether committed before or pending the coverture, between concluding him by a judgment rendered against her, whether judgment be rendered previous, or subsequent to the marriage; and since the judgment is confessedly valid, notwithstanding the intervening coverture, and the husband by the marriage assumes a joint liability with the wife for the waste, which it is alleged she has committed of the assets of the estate, it is clear, we think, that the plea which relies upon the intervening marriage as a bar to this suit, brought to recover upon the judgment, on a suggestion of the waste, is bad and should have been so adjudged.

It is argued, that if the original judgment is binding on the husband, the wife, who cannot bind him by contract, may ruin him by permitting judgments in such cases to go against her, without his knowing any thing about the proceedings which result in their rendition. To this it may be replied, that the husband is only liable for the devastavit of the wife—for her misapplication or waste of the assets of the estate, and she has power equally to ruin him in the commission of numberless torts for which he may be required to respond in damages.

We have endeavored maturely to consider the questions involved, and have carefully examined the authorities, a few only of which we have cited, and our conclusion is, that the first count in the declaration is good. The second is defective in not averring the marriage of Mary Ann Acre with the defendant, Frowner, thereby imposing upon him an obligation to pay the

judgment set out in that count as recovered against her. The plea should have been held bad upon the demurrer.

Let the judgment be reversed and the cause remanded.