ALONZO L. REED *v.* AMELIA REED.

MARRIAGE AND DIVORCE. *Alimony pendente lite. Invalidity of marriage.*

A complainant in a suit for divorce who is the undivorced wife of another is not entitled to recover of the defendant alimony *pendente lite,* and the defendant may show in defense of an application for the same the truth of his answer under oath denying the validity of his marriage to complainant because of her relation as wife to another person.

FROM the chancery court of Tunica county.

HON. CAREY C. MOODY, Chancellor.

The appellee, Amelia Reed, was complainant, and the appellant, Alonzo L. Reed, was defendant in the court below.

Bill by Amelia Reed against Alonzo L. Reed for divorce and alimony. Defendant answered the bill under oath, denying the

marriage and alleging that plaintiff at the time of her marriage to defendant was married to another and had obtained no divorce. The answer also denied the grounds for divorce alleged in the bill. On an application for alimony *pendente lite,* defendant requested that the hearing be continued until he could take testimony, which was denied, whereupon defendant offered evidence to show complainant's marriage to one Brooks before her pretended marriage to defendant, which evidence was excluded; and from a decree allowing alimony *pendente lite,* defendant appealed to the supreme court.

*J. T. Lowe,* for the appellant.

Marriage is the very foundation of the obligation of the husband to support the wife, and where the fact of marriage is denied by the husband's answer, preliminary proof of the same must be made. *McFarland* v. *McFarland,* 64 Miss., 449, and authorities therein cited. Temporary alimony cannot be properly allowed where the validity of the marriage is called in question and remains undetermined. *Keiffer* v. *Keiffer,* 4 Colo. App., 506 (s.c., 36 Pac. Rep., 621); *Wait* v. *Wait,* 7 Leg. Gaz., 382; *York* v. *York,* 34 Iowa, 530; *Shaw* v. *Shaw,* 92 *Ib.,* 722; *Freeman* v. *Freeman,* 49 N. J. (4 Dick.), 102; *Brinkley* v. *Brinkley,* 50 N. Y., 184; *Humphreys* v. *Humphreys,* 49 How. Pr., 140; *Kinsey* v. *Kinsey,* 7 Daly, 460; *McFarlane* v. *McFarlane,* 51 Iowa, 565.

An application for alimony *pendente lite* should not be granted where there is uncontroverted evidence that the applicant has never been the wife of the defendant. *Collins* v. *Collins,* 71 N. Y., 269; *vide* also *Blinks* v. *Blinks,* 25 N. Y. Sup., 768.

[The reporter finds no brief for appellee in the record.]

WHITFIELD, C. J., delivered the opinion of the court.

The learned chancellor seems to have held that under no circumstances could evidence be heard against allowing alimony

*pendente lite.* The general rule is, of course, that such alimony will be allowed, and the merits not inquired into. But it is equally well settled that where the answer denies there ever was a marriage, and that averment, clearly, from the showing made, appears to be true, no alimony *pendente lite* should be allowed; and this for the reason, as stated in *McFarland v. McFarland,* 64 Miss., 449 (1 South., 508), that marriage is the very foundation of the wife's right to support. It would be monstrous that the law should require the payment of alimony *pendente lite* to one who clearly never was a wife. Some *prima facie* showing of marriage must be made when it is allowed. So are all the authorities. See Am. & Eng. Ency. Law, vol. 7, p. 101, with notes.

*Reversed and remanded.*