# *Ex Parte* Jones.

## *Mandamus.*

(Decided July 6, 1910. 53 So. 261.)

1. *Appeal and Error; Interlocutory Order; Proper Remedy.*— Where the suit was for divorce and alimony pendente lite, and the court refused to permit the respondent, in order to defeat the alimony to show that he and petitioner had never been married, the remedy was by a writ of mandamus, and not an appeal from such order

2. *Divorce; Alimony Pendente Lite; Void Marriage; Evidence.*— While the general rule is that in suits for divorce alimony pendente lite will be allowed and the merits of the case not inquired into, yet a respondent may deny the existence of the marriage, and may introduce evidence in support of such denial to defeat the claim for alimony

Original petition in the Supreme Court.

Petition of J. W. Jones for mandamus to the judge of the county court of Shelby County to set aside and vacate orders made by him requiring the petitioner to pay alimony pendente lite and attorney's fees. Writ granted.

KIDD & DARDEN for appellant. Alimony ought not to be allowed unless the marriage of the parties is proved or admitted.—34 Ia. 530; 51 Ia. 565; 61 Ia. 138; 18 N. J. E. 43; 38 Cal. 265; 49 N. J. E. 102; 71 N. Y.

270; 14 Cyc. 751; 7 A. & E. Enc. of Law 101; *Banks v. Banks*, 42 Fla. 362

RIDDLE, ELLIS & KELLY, for respondent.  No brief came to the Reporter.

MAYFIELD, J.—Mary Jones filed her bill in the county court of Shelby county against her alleged husband, J. W. Jones, praying a divorce on the ground of cruelty.  After service upon respondent, but before answer or default for want of answer, complainant applied to the judge of that court, the Honorable E. S. Lyman, for alimony pendente lite.  The judge thereupon ordered a reference to the register to ascertain and report what would be a reasonable allowance pendente lite, and what would be a reasonable allowance for a solicitor's fee to prosecute the suit for divorce.

The respondent appeared by counsel specially for the purpose of resisting the application for alimony pendente lite.  The respondent on the hearing of this motion through his counsel claimed that complainant was not his lawful wife, and alleged that she had a lawful husband living when she attempted to be married to the respondent and consequently the alleged marriage between complainant and respondent was void, and was so void on account of the fraud of complainant thus perpetrated upon respondent.  The respondent filed a plea to this effect, and offered to prove the plea if the court would allow the proof.  The court declined to allow proof of the fact of marriage upon that application, stating to counsel that proof of that fact at that stage of the proceeding was premature, that the bill made out a prima facie case of marriage between the parties, and that for the purposes of the hearing of that application the court was confined to the allega-

tions of the bill; and refused to hear or allow any evidence upon the question of marriage vel non, and ordered the register to ascertain and report what would be reasonable allowance for such purposes pending the suit. The respondent subsequently appeared and moved the court to set aside the order allowing alimony pendente lite upon practically the same grounds urged against the making of the order, and offered additional proof to show that complainant was the wife of one Ridgeway, and not of respondent. The court overruled the motion for the reason that the question of the marriage between the parties could not be gone into at that time, and further stated that the court was concluded by the allegations of the bill, so far as these facts were concerned. The register held the reference accordingly, and reported his findings to the court. The respondent filed his exceptions to the report. The complainant subsequently moved the court to confirm this report and order the amounts paid by the respondent. The respondent appeared and resisted this motion, for the reasons heretofore assigned and probably for others. The chancellor slightly modified the report of the register, and, as modified, confirmed it, and ordered and decreed that respondent pay to complainant $25 as alimony, and $5 per month thereafter as alimony pendente lite, and $100 as counsel fees for prosecuting her suit. The respondent excepted to all such orders and decrees of the court as above shown; and now applies to this court for a mandamus compelling the chancellor to set aside these orders and decrees thus complained of, for the reasons above set forth. It has been decided by this court that an appeal will not lie from such orders and decrees, and that mandamus is the proper remedy.—*Brady v. Brady,* 144 Ala. 414, 39 South. 237. We are of the opinion that the chancellor

erred in these orders and decrees complained of. It is but a truism to say that there can be no divorce, and that there should be no alimony pendente lite or otherwise, if there was in fact no marriage. The pretended marriage might be annulled and declared void, but it could not be dissolved, because it never existed. Of course, we do not mean to intimate—much less to decide—that the complainant and the respondent were not married as alleged in the bill, nor that the facts as made known to the chancellor by the respondent were true; but we do decide that, if the facts were as claimed and represented by the respondent, no alimony should have been allowed, that the chancellor should not have ordered it paid or allowed under the facts in this case, nor in any event until it had been reasonably or judicially ascertained that complainant and respondent were married. The case is very similar to the case of *Reed v. Reed,* reported in 85 Miss. 126, 37 South. 642, in which Chief Justice Whitfield spoke as follows: "The learned chancellor seems to have held that under no circumstances could evidence be heard against allowing alimony pendente lite. The general rule is, of course, that such alimony will be allowed, and the merits not inquired into. But it is equally well settled that where the answer denies there ever was a marriage, and that averment clearly from the showing made, appears to be true, no alimony pendente lite should be allowed; and for this reason, as stated in *McFarland v. McFarland,* 64 Miss. 449, 1 South. 508, that marriage is the very foundation of the wife's right to support. It would be monstrous that the law should require the payment of alimony pendente lite to one who clearly never was a wife. Some prima facie showing of marriage must be made when it is allowed. So are all the

authorities. See 7 A. & E. Ency. Law p. 101, with notes."

It therefore follows that the writ of mandamus will issue in this case, directing the judge of said court Hon. E. S. Lyman, to set aside and vacate the orders made by him, allowing complainant alimony pendente lite and attorney's fees in the said cause of *Jones v. Jones* pending in that court, as prayed in the petition.

Mandamus granted.

DOWDELL, C. J., and McCLELLAN and EVANS, JJ., concur.