# *Ex Parte* Jones.

## *Mandamus.*

(Decided May 11, 1911.   55 South. 491.)

1. *Mandamus; Interlocutory Order; Proper Remedy.*—Mandamus is the proper remedy to compel the vacation of an interlocutory decree in a divorce suit requiring the payment of alimony pendente lite, and attorney's fees for prosecuting suit.

2. *Same; Scope of Relief.*—Although the court on appeal may compel the trial court to vacate an interlocutory decree in a divorce suit for the payment of alimony pendente lite, and suit money, it will not take action on the part of the decree making an additional allowance for suit money, payable on the termination of the suit, as relief from such provision may be given in the final decree.

3. *Divorce; Temporary Alimony and Suit Money; Allowance; Proof of Marriage.*—Marriage is the essential foundation of allowances for alimony and suit money, and the existence of such relation must be proven if not admitted, notwithstanding the provisions of section 3803, Code 1907. Prima facie proof, however, of the relation is sufficient for an award pendente lite.

Original petition in the Supreme Court.

Petition by J. W. Jones for mandamus directed to E. S. Lyman, Judge, to require him to vacate certain interlocutory orders or decrees. Petition denied.

KIDD & DARDEN, for petitioner. When the fact of marriage is denied, no alimony or suit money pendente lite can be awarded until proof is made of such relation. —*State ex rel. Lloyd,* 25 L. R. A. (N. S.) 387; *Caste v. Madison,* 113 Wis. 346; *Jeter v. Jeter,* 36 Ala. 391; *Hughes v. Hughes,* 44 Ala. 698; 1 Enc. P. & P. 421;

Bishop on Marriage & Divorce, sec. 605. The record contains no motion for submission either verbal or written.—*Lovett v. Lovett,* 11 Ala. 770; 14 Cyc. 759; 9 Colo. 133; 150 Ind. 417. In the absence of proof of marriage there can be no recovery.—61 Ia. 138; 34 Ia. 530; 18 N. J. Eq. 43; 38 Cal. 265; 32 N. J. Eq. 25; 64 Miss. 449; 47 South. 560; 43 Mich. 287; 92 Tenn. 629; 67 Mich. 619; 32 Am. Rep. 722. The complainant had ample funds to pay her counsel.—44 Ala. 437.

RIDDLE, ELLIS, RIDDLE & PRUIT, for respondent. Alimony *pendente lite* is a matter of right and is not in the discretion of the court. It is the duty of the court to make the allowance by appropriate order.—Code of 1907, section 3803; *Webb v. Webb,* 37 South. 96; *Brindley v. Brindley,* 121 Ala. 429; *Lawrence v. Lawrence,* 37 South. 379. The term "alimony" means expense money, and especially is this true of alimony *pendente lite,* and includes all expenses of prosecuting the suit or defending the same, including attorney's fees.—Am. & Eng. Enc. 99. Depositions taken in the same cause on a reference is admissible on a subsequent submission for alimony. Depositions taken in one case are admissible in another case between the same parties, especially if the same point is involved.—*Long v. Davis,* 18 Ala. 801; *Smith v. Keyser,* 115 Ala. 455; *Hallet v. O'Brien,* 1 Ala. 585; *Heirs of H. v. Bank of Norfolk,* 12 Ala. 370. For award of alimony *pendente lite* only a *prima facie* case need be made out.—*Reed v. Reed,* 37 South. 642; *Ex parte J. W. Jones,* 168 Ala. 183. The husband can not avoid payment of alimony by an unsworn plea or an unsworn answer denying the validity of the marriage.—*Reed v. Reed,* 37 South. 642. The award of alimony was not excessive.—*Sharritt v. Sharritt,* 112 Ala. 617; *Rast v. Rast,* 113 Ala. 319.

McCLELLAN, J.—Petition for mandamus to Hon. E. S. Lyman, as judge of the county court of Shelby county, in equity, to compel the vacation of an interlocutory decree in the divorce cause of *Mary Jones v. J. W. Jones* therein pending, whereby the respondent was and is required to pay into the registry of the court alimony pendente lite and a sum for attorneys' fees for her use in the prosecution of the cause. The remedy is appropriate.—*Brady v. Brady,* 144 Ala. 414, 39 South. 237; *Ex parte Jones,* 168 Ala. 183, 53 South. 261.

Since marriage is the essential foundation of allowances of alimony and suit money, the existence of that relation must be proved, if not admitted.—*Ex parte Jones, supra; Reed v. Reed,* 85 Miss. 126, 37 South. 642; *Collins v. Collins,* 71 N. Y. 269; *Brinkley v. Brinkley,* 50 N. Y. 184, 10 Am. Rep. 460; *Freeman v. Freeman,* 49 N. J. Eq. 102, 23 Atl. 113; Nelson on Divorce, § 853; Bishop on Mar. & Div. § 402; *Bardin v. Bardin,* 4 S. D. 305, 56 N. W. 1069, 46 Am. St. Rep. 791. See note to *Lloyd's Case,* 25 L. R. A. (N. S.) p. 387 et seq.

Where the relation of marriage is denied, the measure of proof of its existence, in order to justify the awarding of alimony pendente lite and suit money, is not required to be so conclusive as is requisite to establishing the fact of marriage at the trial; but it will suffice, other conditions thereto being shown, to support such awards, if the wife establishes by proof prima facie sufficient to show the existence of the relation.— *Ex parte Jones, supra,* and other citations above made. Our statute (Code, § 3803), providing for allowance to the wife pendente lite, does not render unavailable the rules before stated with respect to the necessity of at least a prima facie establishment of the marriage relation as a condition to the granting of alimony to the wife.

It appears without doubt that complainant and respondent submitted themselves to a ceremonial marriage in 1906, and that they cohabited as husband and wife for upwards of two years. In response to the application for alimony and suit money, the respondent pleads that his ceremonial marriage to complainant was a nullity, because complainant was then the wife of one Ridgeway. She replies that, although she and Edward Ridgeway did undertake to become through a ceremonial marriage, husband and wife in 1887, Ridgeway then had a lawful wife living, and that Ridgeway died many years before her marriage to respondent. It is seen that the validity of the alleged marriage between complainant and respondent depends upon the legal existence of the relation between Ridgeway and complainant at the time she and respondent were attempted to be joined as husband and wife in 1906.

The application to the court for the allowance awarded was sufficient. The granting of the writ of mandamus by this court in *Ex parte Jones*, 168 Ala. 183, 53 South. 261, went to the extent only of requiring the county court to entertain the respondent's request to be allowed to offer evidence in support of his denial that complainant became his wife and to hear the contest under the rules of law applicable thereto. Any legal evidence touching the issue, taken in the cause proper, as well as any legal evidence otherwise available, was admissible on the hearing of the application.

A careful consideration of the legal evidence submitted on the hearing fails to convince this court that the interlocutory decree should be vacated. We purposely refrain from the discussion of the evidence because of the trial on the merits yet to occur.

The allowance pendente lite of $60 for accumulated alimony since the filing of the original bill and $5 per month thereafter, and $100 for suit money, cannot, on

[State, ex rel. Ellis v. Board of Revenue of Jefferson Co., et al.]

the whole evidence, be said to be unjustified. The allowance of $100 additional attorney's fee, payable "on the termination of this suit," may be annulled or greatly modified on the occasion of the final decree, to which time its payment is referred. We are not now prepared to approve a total allowance for attorney's fees of $200 because of the limited estate and income of J. W. Jones. —*Bulke v. Bulke, infra,* 55 South. 490. But, since this part of the allowances made is payable as indicated and since the court may, in the final decree, relieve J. W. Jones from its payment, we will not, at this time, take action upon it.

The writ is denied.

DOWDELL, C. J., and SIMPSON and MAYFIELD, JJ., concur.