(89 South. 656)

## Ex parte EUBANK. (6 Div. 256.)

(Supreme Court of Alabama. April 21, 1921.)

1. Mandamus ·⬚⟾4(4)—Proper remedy for husband aggrieved by decree awarding wife alimony pendente lite and attorney's fee.

The proper remedy for a husband aggrieved by decree awarding wife alimony pendente lite and attorney's fee pending divorce case was petition for mandamus to compel correction; no appeal being allowed therefrom.

2. Divorce ⬚⟾209—Wife entitled to reasonable alimony pendente lite and to reasonable solicitor's fee.

In husband's divorce suit, wife, having in good faith filed answer and cross-bill, was entitled to reasonable alimony pendente lite, under Code 1907, § 3803, and to a reasonable solicitor's fee suitable to husband's estate.

3. Divorce ⬚⟾263—Alimony pendente lite and solicitor's fee costs for which execution can issue.

Alimony pendente lite and solicitor's fee granted wife in divorce action are in the nature of costs, and execution can issue to enforce payment.

4. Divorce ⬚⟾262—Husband's nonpayment of alimony pendente lite and attorney's fee not cause for delay unless he has been adjudged in contempt.

Husband's nonpayment of alimony pendente lite and solicitor's fee granted wife is no cause for a delay in the trial of the suit, unless the husband has been previously adjudged in contempt of court.

Petition by John Eubank for mandamus directing the Hon. Hugh A. Locke, as one of the Judges of the Tenth Judicial Circuit, to correct an order or decree issued in the case of John Eubank against Myrtis Eubank. Writ awarded, with directions.

J. S. McLendon, of Birmingham, for appellant.

Mandamus was the proper remedy. 144 Ala. 414, 39 South. 237; 203 Ala. 204, 82 South. 454. The complainant had a right to proceed with his suit, and the decree staying the same was error. 53 S. E. 630; 201 Ala. 520, 78 South. 874; 93 U. S. 274, 23 L. Ed. 914; 167 U. S. 409, 17 Sup. Ct. 841, 42 L. Ed. 215.

H. M. Abercrombie, of Birmingham, for appellee.

Mandamus was not the proper remedy. 52 Ala. 87, 23 Am. Rep. 559; 52 Ala. 98; 58 Ala. 536; 21 Ala. 772; 162 Ala. 272, 50 South. 219; 181 Ala. 642, 62 South. 69. The court had a right to stay proceedings until the order for alimony and counsel fees had been complied with. 85 Wash. 607, 148 Pac. 882, L. R. A. 1915E, 567, and cases there cited in note; 8 Port. 276; 16 Ala. App. 297, 77 South. 447; 140 Ala. 262, 37 South. 96, 103 Am. St. Rep. 30; 6 R. C. L. 526; 85 Wash. 607, 148 Pac. 882, L. R. A. 1915E, 567.

MILLER, J. John Eubank filed bill of complaint for divorce against Myrtis Eubank on the ground of adultery. The defendant filed answer in the nature of a cross-bill denying the allegations of the bill of complaint, and seeking divorce on the ground of cruelty, and prays for alimony pendente lite, permanent alimony, and solicitor's fee for prosecuting the suit.

The court ordered a reference for facts on which to fix alimony pendente lite and solicitor's fee for representing her in this cause. It was held by the register, he made report to the court, and the court entered the following decree, to which complainant objects and assigns as error:

"That the complainant pay to the respondent the sum of $50 per month as alimony pendente lite; that the complainant pay to the respondent the sum of $250 as her solicitor's fee for representing her in this cause; that this cause be stayed until the terms of this decree have been complied with; and that execution may issue for the enforcement thereof."

---

⬚⟾For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

John Eubank makes application by petition verified by affidavit for mandamus, in which he states the facts and prays that this court will review the proceedings, and direct the court below to reduce the $50 per month alimony pendente lite and reduce the $250 solicitor's fee for representing her in this suit, and annul and declare void that part of the decree which stays the proceedings until the $50 and $250 are paid.

[1] The respondent files full answer to the petition, and attaches thereto a copy of all the proceedings in the cause. The remedy by petition for writ of mandamus is not questioned by demurrer. It was the proper course for John Eubank to take, as no appeal is allowed by law from that decree. Ex parte Jones, 172 Ala. 186, 55 South. 491; Brady v. Brady, 144 Ala. 414, 39 South. 237; Ex parte Jones, 168 Ala. 183, 53 South. 261; Jordan v. Jordan, 175 Ala. 640, 57 South. 436; Ex parte Edwards, 183 Ala. 659, 62 South. 775.

[2] The bill, answer, and cross-bill all appear to be filed in good faith, and aver and admit that John Eubank and Myrtis Eubank were lawfully married. The defendant then would be entitled to reasonable alimony pendente lite; and, from the testimony in this case, we think the amount, $50 per month, reported by the register and fixed by the decree of the court, is reasonable and "suitable to the estate of the husband and the condition in life of the parties." Section 3803, Code of 1907; Ex parte Jones, 168 Ala. 183, 53 South. 261; Rast v. Rast, 113 Ala. 319, 21 South. 34.

In a bona fide cause for divorce and from the pleadings and evidence in this case, it appears to be, the wife is entitled to a reasonable solicitor's fee, suitable to his estate, to be allowed out of the estate of the husband for representing her in this cause. A reasonable fee for her solicitor for representing her in this cause under the proceedings and proof in this case should be, and is, fixed at $100. The court below fixed the fee of $250 for her solicitor for representing her in this cause. This was error. Brindley v. Brindley, 121 Ala. 429, 25 South. 751; Brady v. Brady, 144 Ala. 414, 39 South. 237; Ex parte Jones, 172 Ala. 186, 55 South. 491.

In the divorce proceedings of Mickle v. Mickle, the court granted the divorce, permitted the parties to marry again, but ordered:

"That this decree is, however, suspended until the costs are paid (except so far as to issue execution for costs), and then to be in full force and effect."

Chief Justice Brickell, in Mickle v. State, 21 South. 66, makes the following comment on that suspended decree until the costs are paid:

"The suspension or proposed suspension of the decree, added by way of postscript, after the solemn, deliberate adjudication that the bonds of matrimony be dissolved, and that the offending party be at liberty to marry again, was not within the jurisdiction of the chancellor, and is a mere nullity. Justice is not the subject of bargain and sale, and cannot be granted or decreed because the parties are or are not of ability to pay costs."

In Hines v. Hines, 203 Ala. 633, 84 South. 712, this court, speaking through Judge McClellan, says:

"The provision of that decree that the parties might again contract marriage on paying the cost of the cause was void."

[3, 4] The $50 per month alimony and the $100 solicitor's fee are in the nature of, if not, costs in this cause. Execution can issue for it. Justice in the cause must not be delayed if it is not promptly paid; and the rights of the parties must not be denied for failure to pay them, unless complainant was previously adjudged in contempt of court therefor. The court below erred when it decreed "that this cause be stayed until the terms of this decree have been complied with," not having previously adjudged complainant in contempt. 19 Corpus Juris, 307, note 13; 13 Corpus Juris, 91, note 19.

Mandamus awarded, with directions.

ANDERSON, C. J., and SAYRE and SOMERVILLE, JJ., concur.