## Ex parte DUNLAP. (6 Div. 779.)

(Supreme Court of Alabama. Feb. 1, 1923. Rehearing Denied May 10, 1923.)

**1. Mandamus ⬤⇒4(4)—Application to compel vacation of alimony decree serves to review interlocutory decree not otherwise reviewable.**

An application for mandamus to require the judge to vacate a decree for alimony pendente lite and attorney's fee serves the purpose of emergency appeal to review an interlocutory decree not otherwise reviewable.

**2. Equity ⬤⇒154—Recognizes distinction between "plea in abatement" and to merits.**

The distinction between a "plea in abatement," that is, one which does not deny complainant's cause of action, but questions only the propriety of the remedy sought, and one to the merits, prevails in equity as at law.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Plea in Abatement.]

**3. Abatement and revival ⬤⇒82—Plea in abatement waived if not filed before answer to the merits.**

A plea in abatement on a ground existing at the commencement of the action, and not going to the jurisdiction of the court of subject-matter, must be presented before pleading in bar or otherwise to the merits, or will be deemed waived.

**4. Statutes ⬤⇒226—Code section adopted from Georgia held to have been imported with such accretions by way of judicial decision as it had acquired in that state.**

In the absence of indications to the contrary, by the adoption of Code 1907, § 2451, providing that the pendency of another suit is a good defense, and which is a transcript of Civ. Code Ga. 1910, § 4331, the Georgia statute was imported with such accretions by way of judicial decision as it had acquired in that state where adopted, also the construction of the Georgia section that the plea of another suit pending is considered a plea in abatement which was waived unless pleaded in due time.

**5. Abatement and revival ⬤⇒85—Plea in abatement incorporated in answer is not waived.**

Under Code 1907, § 3115, permitting a defendant in equity to incorporate all matters of defense in his answer, a plea in abatement may be incorporated in the answer along with a demurrer and a denial, and in that event no waiver can be inferred.

**6. Abatement and revival ⬤⇒84—Original answer in divorce held not to incorporate plea in abatement.**

The original answer to a bill for divorce and alimony, which alleged that a suit for the same relief was pending between the same parties in another county and asked that complainant be required to elect which suit she would prosecute, manifested no purpose to plead the pendency of the other suit in abatement, and therefore waived the right to plead in abatement.

**7. Judgment ⬤⇒572(2)—Decree sustaining demurrer to bill is not final adjudication conclusive in another suit.**

A decree sustaining a demurrer to a bill is not a final adjudication conclusive against complainant in another suit, even after the expiration of the time allowed for amendment of the bill, as it must be followed by a further order disposing of the case.

**8. Divorce ⬤⇒171—Dismissal without prejudice after sustaining demurrer is not conclusive against another bill.**

The dismissal of a suit for divorce and alimony after demurrer to the bill was sustained and complainant failed to amend is not res judicata, especially where it was made without prejudice.

**9. Abatement and revival ⬤⇒8(2)—Effect of pendency of former suit not avoided by raising new questions in second suit.**

The effect of the pendency of a former suit in another county as a defense to a second suit between the same parties involving the same questions is not avoided by raising in the second suit questions which were not involved in the former suit.

**10. Pleading ⬤⇒111—Pleas in abatement are not favored.**

Even though Code 1907, § 2451, looks with some favor on pleas in abatement, the courts do not favor them farther than necessary.

---

**11. Abatement and revival ⚏84—Waiver of plea in abatement will not be avoided by the court.**

The rule giving law courts discretion at any time to allow the filing of any plea necessary to reach the merits of the controversy, which is followed in equity under Code 1907, § 3167, does not require the court to avoid the waiver, once made effective, of a mere dilatory defense.

**12. Abatement and revival ⚏84—Plea can be interposed to new case in amended bill after waiver as to original bill.**

Where an amendment to the bill makes a new case, defendant has a right to plead to such case in abatement, even though he has pleaded to the merits of the original complaint.

**13. Abatement and revival ⚏84—Plea not allowed after waiver if bill introduces no new matter.**

Where defendant had waived his right to plead in abatement by pleading in bar, he cannot file a plea in abatement to an amended bill which introduces no new matter.

**14. Husband and wife ⚏295—Alimony without divorce rests in court's discretion.**

The right of a wife to temporary alimony without divorce is not matter of absolute right, but rests in the sound discretion of the court.

**15. Husband and wife ⚏295—Temporary alimony may be awarded on prima facie showing.**

In a suit for alimony without divorce, where the wife makes prima facie case for ultimate relief and shows that her suit was brought in good faith and not merely for the purpose of obtaining money from her husband, a decree awarding temporary alimony and a fee for her solicitor was not error.

**16. Husband and wife ⚏4—Husband must contribute to wife's support notwithstanding ability of her relatives to support her.**

The duty to support a wife devolves in the first place upon her husband and must be discharged by him within the reasonable limits of his income and earning power, though she has relatives, children, and others, who may be depended on to support her in the way of living to which she had been accustomed.

Application of Clay C. Dunlap for writ of mandamus to Hon. Hugh A. Locke, Judge of the Tenth Judicial Circuit, to require the vacation of a decree rendered in the case of Mary Julia Dunlap v. Clay C. Dunlap and others. Writ denied.

Rudulph & Smith, of Birmingham, for petitioner.

Sustaining demurrers to the bill in Greene county was a determination that complainant was not entitled to recover, and that decree, being unreversed, is res judicata of the present case. Stein v. McGrath, 128 Ala. 175; 30 South. 792; McDonald v. Mobile L. Ins. Co., 65 Ala. 358; Howard's Distributees v. Howard's Adm'r, 26 Ala. 682; Perkins v. Moore, 16 Ala. 17; Terrell v. Nelson, 199 Ala. 436, 74 South. 929. A defendant may incorporate all matters of defense in his answer, and matter in abatement is not waived by being pleaded in the same answer with matter in bar. Shaw v. Lindsey, 60 Ala. 344; Ruse v. Bromberg, 88 Ala. 619, 7 South. 384; Harland v. Pearson, 93 Ala. 273, 9 South. 379; Glasser v. Meyrovitz, 119 Ala. 154, 24 South. 514; 1 C. J. 269; Cohn v. Lehman, 93 Mo. 581, 6 S. W. 269; Johnson v. Detrick, 152 Mo. 243, 53 S. W. 891; Little Rock Trust Co. v. R. R. Co., 195 Mo. 669, 93 S. W. 944; Meyer v. Insurance Co., 184 Mo. 487, 83 S. W. 479; Union Guaranty & Trust Co. v. Craddock, 59 Ark. 593, 28 S. W. 424; Curtis v. Piedmont Co., 109 N. C. 401, 13 S. E. 944; Thatch v. Continental, 114 Tenn. 271, 87 S. W. 255; Nat. Frat. v. Wayne, 127 Mich. 186, 86 N. W. 540. The duty of the husband to provide maintenance for his wife should be graded by his means and position. In enforcing this, courts may look only to the husband's income. Murray v. Murray, 84 Ala. 363, 4 South. 239; Brindley v. Brindley, 129 Ala. 429, 25 South. 751; Brady v. Brady, 144 Ala. 414, 39 South. 237; Clisby v. Clisby, 160 Ala. 572, 49 South. 445, 135 Am. St. Rep. 110; Bulke v. Bulke, 173 Ala. 140, 55 South. 490; Jones v. Jones, 174 Ala. 461, 57 South. 376. If the wife has sufficient property to support herself for such time, no allowance should be made her pendente lite. Brady v. Brady, supra.

Stokely, Scrivner & Dominick, of Birmingham, for respondent.

A plea of the pendency of another suit is a plea in abatement, and not in bar. Code 1907, § 2451; 1 C. J. 26; 1 Cyc. 21; McCutchen v. McCutchen, 8 Port. 151; McMickens v. State, 18 Ala. App. 36, 88 South. 342. If the pendency of the first suit could be pleaded as a defense against the second, it is waived by filing a general appearance, demurrer, or answer on the merits. 1 C. J. 31; Nabors v. Nabors 2 Port. 162; Callison v. Lemons, 2 Port. 145; Torbert v. Wilson, 1 Stew. & Port. 200; Powers v. Bryant's Adm'r, 7 Port. 9; Lampley v. Beavers, 25 Ala. 534; Holley v. Younge, 27 Ala. 203; Lurie v. Titcomb, 139 La. 9, 71 South. 200; Norville v. Seeberg, 205 Ala. 96, 87 South. 164. Where the wife in a suit for maintenance makes out a prima facie case for relief, and it appears her suit was brought in good faith, she is entitled to alimony pendente lite and solicitor's fee. Brindley v. Brindley, 121 Ala. 429, 25 South. 751; Brady v. Brady, 144 Ala. 414, 39 South. 237; Cook v. Cook, 196 Ala. 180, 71 South. 986; Spafford v. Spafford, 199 Ala. 300, 74 South. 354. L. R. A. 1917D, 773.

SAYRE, J. [1] This is an application for the writ of mandamus to require the judge

of the Tenth circuit, sitting in equity, to vacate a decree awarding to petitioner's wife alimony pendente lite and an attorney's fee. The bill in this cause was filed for alimony without divorce (Hinds v. Hinds, 80 ʹAla. 225), and this application serves the purpose of an emergency appeal to review an interlocutory decree not otherwise reviewable. Ex parte Eubank, 206ʹAla. 8, 89 South. 656; Brady v. Brady, 144 Ala. 414, 39 South. 237; State ex rel. Sellers v. Locke, 208 Ala. 169, 93 South. 876.

The main difficulty in the cause, as now presented, arises out of the fact that complainant, petitioner's wife, prior to filing her bill in this cause, had filed a similar bill in Greene county. As to that, the facts are that complainant filed her bill in Greene county on December 14, 1920; demurrer to that bill was sustained June 6, 1921, complainant being allowed 30 days in which to amend, if so advised; January 27, 1922, the bill, no amendment having been offered, was dismissed without prejudice. In the meantime, November 10, 1921, this bill was filed in Jefferson county. Defendant's (petitioner's) answer in the present cause was filed December 8, 1921, in which were incorporated general and special demurrers. This answer, after a full and detailed averment of the facts in denial, stated the facts in reference to the bill in Greene county, and, to quote the answer, concluded:

"This respondent therefore states and avers that said suit in said circuit court of Greene county, Ala., has become dismissed or abated for want of prosecution, and that the matters and things involved in that suit are the same as involved in the present suit, and that the matters and issues involved in this present suit are, therefore, res adjudicata. This respondent says that if he is mistaken in the foregoing averment that the said suit filed by complainant against him in the circuit court of Greene county has been dismissed or abated for want of prosecution, respondent says and avers in the alternative that complainant should be required to elect which of said suits she will prosecute, and this respondent moves that this court require complainant to elect."

Further proceedings will be stated later on.

[2, 3] That defendant's plea was a plea in abatement there can be no doubt; that is, it did not deny complainant's cause of action, but questioned only the propriety of the remedy sought, a distinction prevailing in equity as at law. 1 Dan. Ch. Pl. (5th Ed.) marg. p. 626. And while it has been said by some of the earlier writers that no practical consequence results from such distinction, still it is considered that—

"All declinatory and dilatory pleas in equity are properly pleas, if not in abatement, at least in the nature of pleas in abatement; and therefore, in general, the objections founded thereon must be taken ante litem contestatam, by plea, and are not available by way of answer or at the hearing." Fletcher's Eq. Pl. & Pr. § 254.

In the text of 1 C. J. 258, § 575, where a cloud of cases, our own included, is cited, it is said:

"At common law, and under statutes which do not change the common-law rule in this respect, a ground of abatement existing at the commencement of the action, and not going to the jurisdiction of the court over the subject-matter, must be presented by plea or otherwise, where it is not waived by appearance, before pleading in bar or otherwise to the merits, or it will not be available, pleading to the merits being deemed a waiver thereof."

A general demurrer is considered as a plea to the merits. Ib. In the same text (page 260, § 576) it is written:

"In equity matter in abatement must be presented as a preliminary question and, as at law, will generally be waived by answering to the merits or by demurring to the bill, either generally or specially on other grounds."

Such is the rule of this court in equity causes. Cartright v. West, 155 Ala. 619, 47 South. 93, citing authorities.

[4] Petitioner refers to section 2451 of the Code as if finding there support for his theory that his plea of the pendency of the Greene county suit was, not merely a plea in abatement, but a "good defense," meaning, as we read the brief, a plea in denial of complainant's right of action, whether nominally a plea in bar or abatement. This section is a transcript of section 4331 of the Civil Code of Georgia, whence numerous other sections, for the most part declaratory of the common law, were imported into our Code of 1907. In Georgia a plea of the pendency of another suit is considered a plea in abatement which is waived unless pleaded in due time. Welchel v. Thompson, 39 Ga. 559, 99 Am. Dec. 470. If further argument were necessary, we might refer to the doctrine that, in the absence of indications to the contrary, the Georgia statute was imported with such accretions by way of judicial decision as it had acquired in Georgia. Endlich, Interp. Stat. 371.

[5-8] In equity a defendant may incorporate all matters of defense in his answer. Code, § 3115. It may be conceded therefore that defendant might have properly incorporated his plea in abatement in his answer along with his demurrer and his averment of facts in denial, and, in that event, no waiver could be inferred (1 C. J. 269); that, to constitute a waiver, there must be some act on the part of defendant going to show that he had submitted his right to the jurisdiction of the court. Tigrett v. Taylor, 180 Ala. 296, 60 South. 858. Nevertheless, upon the record, it seems very clear that defendant, when filing his first answer to complainant's bill in Jefferson, had no purpose to plead the pendency of the suit in Greene in abatement. By reason of the facts there averred, defendant sought to bring complaint to an election, thus indicating his willing-

ness to join in the litigation of either bill if only he could be relieved of the burden of the other. In the alternative, defendant proceeded upon the notion that, ipso facto, complainant's case had been conclusively adjudicated against her by reason that she had failed to amend her Greene county bill within the 30 days allowed for that purpose in the decree sustaining defendant's demurrer. But that decree was not final without further order disposing of the cause. Rose v. Gibson, 71 Ala. 35. And finally, though after the commencement of the suit in Jefferson, the court dismissed the cause in Greene without prejudice. This did not constitute res judicata. Lang v. Waring, 25 Ala. 625, 60 Am. Dec. 533; Strang v. Moog, 72 Ala. 460.

[9] Had defendant interposed his timely plea in abatement, it would, under the statute (section 2451, supra) and the decisions of this court, have been fatal to the further maintenance of complainant's bill in Jefferson county. Interstate Chem. Corp. v. Home Guano Co., 199 Ala. 583, 75 South. 166. For we think it must be conceded that as for the question whether defendant should be required to furnish means for the support and maintenance of complainant, the two suits were brought to enforce the same cause of action and the parties to the alleged equity of the two bills were the same. True, as to some collateral questions, viz. whether defendant had attempted to dispose of property in fraud of complainant's right and whether an injunction might be appropriately used to preserve defendant's estate pending a decree, the bills differed; but the paramount question was the same in each case, and complainant in each bill stated the same cause of action, viz. defendant's abandonment of complainant on August 22, 1920. The effect of the pendency of the former suit as a matter of abatement was not avoided by raising new questions as to new parties in the second suit along with the old question between the parties to both suits. Memphis v. Dean, 8 Wall. 64, 19 L. Ed. 326. But our judgment on the facts and for the reasons heretofore stated is that in this cause the matter of abatement was waived.

[10-13] December 22, 1921, defendant amended his answer by striking his suggestion that complainant be required to elect, and in lieu thereof averred again that the suit in Greene county was still pending and undetermined and moved "that this present suit be abated as to him." December 27, 1921, complainant amended her bill, seeking no different relief, but amplifying the averments of the original bill in respect of the facts and circumstances there averred, after which, on December 31, 1921, defendant filed his formal plea in abatement and at the same time further amended his answer in response to complainant's last amendment.

Now, it would seem that defendant would have this court treat the plea as if incorporated in the original answer. The imported Georgia statute looks with some favor on pleas in abatement; but the courts do not favor them further than necessary for reasons pointed out in Beck v. Glenn, 69 Ala. 121. Law courts have a discretion at any time to allow the filing of any plea which may be deemed necessary to reach the merits of the controversy. Bobe v. Frowner, 18 Ala. 89. And in equity, we take it, the same rule is followed. Code, § 3167. But we are advised of no rule which would require the court to avoid the waiver, once made effectual, of a mere dilatory defense. Where an amendment makes a new case, defendant has a right to plead to the case thus made in bar or abatement, even though he has pleaded to the merits of the original complaint. Eagle Iron Co. v. Malone, 149 Ala. 367, 42 South. 734; Eagle Iron Co. v. Baugh, 147 Ala. 613, 41 South. 663. "It has been held, however, that a plea [in abatement] cannot be allowed where the amended declaration introduces no new matter, nor any grounds of abatement which," as here, "existed equally as to the original declaration." 1 C. J. 267. This is a just rule, advances the trial of causes on their merits, and, we doubt not, should be applied in chancery; and it is evident upon the record that the trial court considered, ultimately at least, that the dilatory defense had been waived and that the proper effect of that waiver should not be annulled. Otherwise, complainant would have been denied relief of any character.

[14-16] The evidence as to the merits has had all due consideration. Complainant is not entitled to alimony or temporary allowances as matter of absolute right. Relief in cases of this character rests in the sound discretion of the court. As the result of our examination of the record in this cause we hold, in agreement with the chancellor, that complainant has shown a prima facie case for ultimate relief, that her suit was brought in good faith, and not merely for the purpose of obtaining money from defendant, and so that the decree awarding temporary relief and a fee for complainant's solicitor is not affected with error. Brindley v. Brindley, 121 Ala. 429, 25 South. 751. With respect to the amount of the allowances also the court here is in agreement with the chancellor. There is no dispute about the allowance to complainant's solicitor so far as concerns its amount. Upon the whole record the allowance of $50 a month to complainant for her personal support does not appear to be excessive. Complainant has, it is true, relatives, children, and others, who may be depended upon to keep her in the fairly comfortable way of living to which she has been accustomed; but that duty devolves in the first place upon defendant, and by him,

within the reasonable limit of his income and earning power, that duty must be discharged.

The judgment of the court is that the chancellor's decree is right and that the mandamus should be denied.

Mandamus denied.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.