(115 So. 300)

### Ex parte POWELL.

### POWELL v. POWELL. (6 Div. 27.)

Supreme Court of Alabama. Jan. 28, 1928.

1. Mandamus ☞4(3)—Review of order allowing or denying alimony pendente lite may be by mandamus.

Review of an order allowing or denying alimony pendente lite may be had by a writ of mandamus.

2. Mandamus ☞10—Writ of mandamus to review decree awarding alimony pendente lite was denied, where decree was inert until register had examined parties and reported.

In wife's suit for maintenance, where a decree was merely a preliminary declaration that the complainant was entitled to alimony pendente lite, with an order of reference to the register to examine the parties, and hear any evidence offered, and make report relative to alimony pendente lite, writ of mandamus to review the decree would be denied, since it was unnecessary for respondent's protection; the decree remaining inert and harmless until the register's report was made and confirmed.

3. Husband and wife ☞295—Allowing alimony pendente lite is within trial court's sound discretion in suits for maintenance without divorce.

In suits for maintenance without divorce, allowances of alimony pendente lite are within the sound discretion of the trial court.

4. Husband and wife ☞295—In suit for maintenance, alimony pendente lite may be allowed, where prima facie case for ultimate relief and good faith in prosecution are shown.

Where, in a suit for maintenance, complainant makes a prima facie case for ultimate relief, and shows good faith in its prosecution, an allowance of alimony pendente lite may be made, and usually will be made as a matter of course, without waiting to inquire into the merits of the case.

5. Husband and wife ☞295—In maintenance action, order imposing obligation to pay allowance pendente lite should not be made, where prima facie showing of marriage is contested, without hearing evidence.

In suits for maintenance, an order imposing an obligation to pay an allowance pendente lite should not be made, where the prima facie showing of marriage is contested without first hearing the evidence, if any be offered on that preliminary issue.

Original petition of J. A. Powell for mandamus to Hon. Ernest Lacy, as Judge of the Circuit Court of Walker County. Writ denied.

The petition recites that a suit is pending in the circuit court of Walker county, in equity, instituted by Mae Powell against J. A. Powell (petitioner), praying an allowance of alimony, pendente lite and permanent, and counsel fees; that, after filing the bill of complaint in said suit, and at the time of ruling on demurrer to the bill, the complainant filed a motion in said cause for temporary alimony and counsel fees, pending the hearing of said cause, and requesting a reference before the register; that, upon the filing of this motion the respondent judge made and entered a decree allowing complainant alimony pending final determination of the suit and counsel fees, and ordered the register to hold a reference for the purpose of ascertaining the amount of such alimony and counsel fees to be allowed complainant and her solicitor;

---

that said order or decree was made without any evidence or testimony being taken in the cause or any necessity shown for such decree or reference, and was prematurely made, is illegal, and without authority of law. The prayer is that mandamus issue to respondent judge directing him to annul and vacate said decree.

J. B. Powell, of Jasper, for petitioner.

Petitioner's remedy is by mandamus. The decree should be vacated. Ex parte State ex rel. Tissier, 214 Ala. 219, 106 So. 866.

Ernest Lacy, of Jasper, for respondent.

It is within the discretion of the trial court to direct payment of alimony and solicitor's fees pendente lite, where the husband voluntarily abandons his wife without providing her with sufficient means of support, even where divorce is not sought. Glover v. Glover, 16 Ala. 440; Hinds v. Hinds, 80 Ala. 225; Pearce v. Pearce, 132 Ala. 221, 31 So. 85, 90 Am. St. Rep. 901; Brady v. Brady, 144 Ala. 414, 39 So. 237; Rogers v. Rogers, 215 Ala. 259, 110 So. 140.

SOMERVILLE, J. [1] A long line of cases in this state has confirmed the practice of reviewing an order of the circuit court, allowing or denying alimony and counsel fees pendente lite, by the writ of mandamus. Brady v. Brady, 144 Ala. 414, 39 So. 237; Ex parte Jones, 168 Ala. 183, 53 So. 261; Id., 172 Ala. 186, 55 So. 491; Jordan v. Jordan, 175 Ala. 640, 57 So. 436; Ex parte Edwards, 183 Ala. 659, 62 So. 775; Ex parte Eubank, 206 Ala. 8, 89 So. 656; State ex rel. Sellers v. Locke, Judge, 208 Ala. 169, 93 So. 876; Ex parte Dunlap, 209 Ala. 453, 96 So. 441; Ex parte State ex rel. Tissier, 214 Ala. 219, 106 So. 866; Rogers v. Rogers, 215 Ala. 259, 110 So. 140.

An examination of these cases shows that the alimony order complained of was an order to pay the alimony or allowances, or an order confirming the register's report and fixing the amount to be paid; thus definitely imposing upon the petitioner a present obligation to pay the sums decreed.

[2] In the instant case the decree was merely a preliminary declaration that the complainant is entitled to alimony pendente lite, with an order of reference to the register to examine the parties and hear any evidence offered, and to report what would be reasonable sums to be paid by way of alimony and counsel fees, pendente lite. Such a decree remains inert and harmless until the register's report is made and confirmed; and on that report the allowances may be rejected. So far, then, as this decree is concerned, the writ of mandamus is not necessary for the protection of the respondent; nor do we find any precedent for its use in such a case.

[3, 4] In suits for maintenance without divorce, these allowances pendente lite are within the sound discretion of the trial court. Ex parte Dunlap, 209 Ala. 453, 456, 96 So. 441. A prima facie case for ultimate relief, and good faith in its prosecution, are the tests usually applied. Ex parte Dunlap, supra; Ex parte Eubank, 206 Ala. 8, 89 So. 656. These appearing, the allowances may be made, and usually are made as a matter of course, without waiting to inquire into the merits of the case. Ex parte Eubank, supra; Ex parte Cairns, 209 Ala. 358, 96 So. 246; Reed v. Reed, 85 Miss. 126, 37 So. 642.

[5] The exception is that, where the prima facie showing of marriage is contested by plea or answer, that being the very foundation of the right, it is error for the trial court to proceed so far as to make any order or orders imposing upon the respondent the obligation to pay such an allowance, without first hearing the evidence, if any be offered, on that preliminary issue. Ex parte Jones, 168 Ala. 183, 53 So. 261; Reed v. Reed, 85 Miss. 126, 37 So. 642.

Upon the considerations stated above, the writ will be denied.

Writ denied.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.