21 So.2d 667

## SAWYER v. SAWYER.

### I Div. 231.

Supreme Court of Alabama.

April 12, 1945.

H. C. Rankin, of Brewton, for appellant.

J. D. Ratcliffe, of Monroeville, for appellee.

GARDNER, Chief Justice.

Appellant filed her petition in the Probate Court of Monroe County, seeking to have vacated an order of that court appointing her former husband, Wilton B. Sawyer, as administrator of the estate of their minor child. Her petition was amended and the demurrer interposed thereto was sustained. The decree of the court sustaining the demurrer did not constitute a final disposition of the cause. An order to that effect was necessary to be entered. Savage v. Savage, Ala.Sup., 20 So. 2d 784[1]; Ex parte Dunlap, 209 Ala. 453, 96 So. 441. As we have frequently observed, appeals from the probate court, as other appeals, are purely of statutory origin. There is no statute authorizing appeal from the decree sustaining a demurrer to a petition in the probate court. The appeal provided for in § 775, Title 7, Code 1940, is from a final order or decree of that court, and those for which provision is made in succeeding sections are clearly inapplicable here. This question was fully treated in Keith & Wilkinson v. Forsythe, 227 Ala. 555, 151 So. 60, 61. This court in the latter case, referring to the rule that an

[1] Ante, p. 389.

appeal is purely statutory and to our statutory provisions concerning appeals from the probate court, said: "In neither statute is provision made for an appeal from a decree on demurrers to a petition filed in that court. If the petition had been dismissed * * *, the decree would have been appealable."

We may add the statute authorizing a broader field of appeals from the probate court as found in § 181(5), Title 62, Cumulative Pocket Part, Code 1940, is applicable only to Jefferson County, and as a part of the act conferring upon that court equity jurisdiction in matters affecting administration of estates. That statute, of course, is without application here.

No further citation of authority or discussion is necessary in view of the foregoing authority of Keith & Wilkinson v. Forsythe, supra, which is amply sustained by others. It results, therefore, that the appeal must be dismissed.

Appeal dismissed.

THOMAS, FOSTER, and STAKELY, JJ., concur.