317 So.2d 422 (1975)
Louis James TAYLOR
v.
Viola TAYLOR.
No. 48071.
Supreme Court of Mississippi.
August 4, 1975.
Statham & Watkins, Magnolia, for appellant.
Roach & McMillan, T. Patrick Welch, McComb, for appellee.
Before GILLESPIE, ROBERTSON and SUGG, JJ.
GILLESPIE, Chief Justice.
Louis James Taylor was granted a divorce from Viola Taylor by the Chancery Court of Pike County on the ground that Viola Taylor was married to another person on April 30, 1955, when she entered into a purported marriage with Louis Taylor. The chancellor awarded Viola Taylor the sum of $75 per month for a period of thirty-six months, plus $175 for attorney's fees. Louis Taylor appealed. We affirm.
The question for decision is whether the court erred in making the allowances of a monthly sum for thirty-six months when there had never been a valid marriage between the parties because of Viola Taylor's previous marriage which had never been dissolved by death or divorce. The proof showed that James Taylor knew of Viola Taylor's previous marriage at the time he entered into the purported marriage on April 30, 1955. The parties lived together as man and wife until about May, 1973. At the time of their separation, Viola Taylor was sick and unable to work. The chancellor stated that after the parties had lived together in a relationship of husband and wife for a long period of time that it would not be fair and equitable for him to walk out and leave her as if she were a perfect stranger and that under the circumstances he owed some obligation to her. He allowed her $75 per month for thirty-six months as support. It was not designated as alimony.
In Aldridge v. Aldridge, 116 Miss. 385, 77 So. 150 (1918), the Court held that where there has been no valid marriage there is no foundation for the wife's right to alimony. Aldridge is sound law and we *423 do not intend to weaken its force as a general rule. The facts in this case demonstrate without question that the chancellor did what a decent regard for the sensibilities of humanity demanded. These people lived together and shared the vicissitudes of life for eighteen years. The separation cast her adrift just as surely as if she had been his lawful wife. The chancellor appears to have decided that the strict letter of the law ought not to require him to ignore that he was dealing with human beings. He did not make the allowance as alimony but as support. He felt the man had an obligation, and this Court is not disposed to reverse the manifestly just decree under the particular circumstances.
The action of the chancellor finds some support in the case of Chrismond v. Chrismond, 211 Miss. 746, 52 So.2d 624 (1951). In Chrismond, there was no valid marriage but the Court applied the rule of equity and awarded the purported wife a share of the property accumulated by the joint efforts of the parties during their relationship.
The motion to dismiss on the ground that Louis Taylor had not paid the temporary support required by an order of this Court is overruled for the reason that the default has been remedied. The case has been duly considered on its merits by the Court en banc.
Motion to dismiss overruled; affirmed on merits.
RODGERS, P.J., and SMITH, ROBERTSON and WALKER, JJ., concur.
SUGG, PATTERSON, INZER and BROOM, JJ., dissent.
SUGG, Justice (dissenting):
I dissent because the established law of this State requires a valid marriage as a prerequisite to the allowance of alimony.
In McFarland v. McFarland, 64 Miss. 449, 1 So. 508 (1886) this Court held, "... marriage is the very foundation of the husband's obligation to furnish a support." In Reed v. Reed, 85 Miss. 126, 37 So. 642 (1904) the Court reversed an allowance of alimony pendente lite and stated:
It would be monstrous that the law should require payment of alimony pendente lite to one who clearly never was a wife. (85 Miss. at 128, 37 So. at 642).
In Aldridge v. Aldridge, 116 Miss. 285, 77 So. 150 (1918) this Court held:
Even if it be true that appellee aided appellant in accumulating what property he has, that fact would not render the allowance of alimony to her "equitable and just," for under the facts here in evidence she not only was not appellant's wife, but to all intents and purposes was simply his mistress. (116 Miss. at 397-398, 77 So. at 151).
The majority holds that Chrismond v. Chrismond, 211 Miss. 746, 52 So.2d 624 (1951) lends some support to the action of the chancellor awarding Viola Taylor alimony for three years. However, the issue in Chrismond was entirely different from the issue in the case at bar. The issue in Chrismond was stated by the Court in the following language:
We have here presented the question whether a woman who has entered into an arrangement with a man whereby she has lived in his home, cared for him and kept house for him, worked and assisted him in the accumulation of property, and has subsequently married him in good faith, when in fact he was incapable of contracting a legal marriage with her because of his prior marriage to another woman, and who thereafter has continued to work and assist him in his business, *424 is entitled to an equitable division of the property accumulated by their joint efforts during the time they were living together.
We think that the equity powers of the court are sufficient to protect the rights of the putative wife, where the supposed marriage which she entered into in good faith turns out to be void, and that she is entitled to an equitable division of the property accumulated by their joint efforts during the time they lived together as man and wife. (52 So.2d at 628-629) (Emphasis supplied).
Chrismond adjudicated the rights of a woman who attempted to enter into a marriage in good faith, but Viola Taylor did not act in good faith because she knew she had a living husband when she attempted to marry Louis James Taylor. She was guilty of bigamy and does not fall within the class entitled to equitable relief.
In Chrismond, the purported wife helped her husband, who was an invalid, build up a profitable business from which they accumulated a sizeable estate. The Court held that, since she acted in good faith, she was entitled to an equitable division of the property accumulated by the joint efforts of the parties. Neither good faith nor contribution toward accumulation of property was shown in the case at bar, nevertheless the chancellor awarded defendant all of the personal property which she purchased with her funds. This was all she was entitled to recover.
Viola Taylor knowingly entered into a bigamous relationship. This being true, there is no legal, moral or equitable basis to support an allowance of alimony to her. Bigamy should never be rewarded, but denounced.
PATTERSON, INZER and BROOM, JJ., join in this dissent.