LEE, Justice,
for the Court:
Lola Tippitt Callahan filed suit against Roy Glenn Callahan in the Chancery Court of Rankin County on July 28, 1977, seeking a divorce on the ground of uncondoned adultery. An answer to the bill of complaint was filed, together with a plea in abatement, setting up the fact that Lola Tippitt Callahan and Roy Glenn Callahan were married in the State of Arkansas June 23, 1969, that Roy Glenn Callahan was not divorced from Jere Ann Callahan, his wife, until July 5, 1969, and that Roy Glenn Callahan did not have the legal capacity to consummate a legal marriage on June 23, 1969. The plea in abatement was sustained by the lower court and, on appeal here, the judgment was affirmed for the reason that Lola Tippitt Callahan was not lawfully married to Roy Glenn Callahan and, therefore, she was not entitled to a divorce on the ground of adultery.
Subsequently, on November 28, 1978, Lola Tippitt Callahan filed an amended bill of complaint for divorce in the Rankin County Chancery Court, averring that Roy Glenn Callahan was lawfully married to another woman on June 23, 1969, and that she was entitled to a divorce from him since he was married to another person at the time of the pretended marriage of the parties (The ninth statutory ground for divorce in Mississippi).
Roy Glenn Callahan filed a plea in bar to the amended divorce complaint, the plea was sustained by the lower court and the amended bill of complaint was dismissed. Lola Tippitt Callahan has appealed and assigns the following errors:
(1) The chancellor erred in ruling that, since Roy Glenn Callahan was never legally married to Lola Tippitt Callahan, prior existing marriage is not a valid ground of divorce.
(2) The chancellor erred in not warding Lola Tippitt Callahan support from Roy Glenn Callahan.
Appellant and appellee cohabited as man and wife until March 28, 1977, when appellant was informed by appellee for the first time that he was married to another person, at the time of his marriage to appellant, and that, therefore, appellant and appellee were not legally married. No children were born of the pretended marriage. In addition to seeking a divorce in the present case, appellant seeks support from appellee.
Mississippi Code Annotated Section 93-5-1 (1972) states twelve (12) grounds for divorce,[1] the ninth ground being “marriage to some other person at the time of the pretended marriage between the parties.”
Appellee argues in his brief:
“It is apparent and conclusively shown by competent evidence that the Appellant and Appellee did not have the legal capacity to consummate a marriage contract.
It then stands to reason that if they did not have the capacity to consummate a marriage contract and this Honorable Court ruled there was no valid marriage, then a Divorce Decree could not be rendered because there was no marriage to dissolve.”
and
“It would not be consistent with this Court’s ruling that, as it pertains to the ground(s) [sic] of adultery, there is no relief because the parties were not legally married and then turn around and say that on the ground(s) [sic] of a prior existing marriage they were married and a divorce could be granted.”
In Case v. Case, 246 Miss. 750, 150 So.2d 148 (1963), this Court said that marriage to another person at the time of a pretended marriage is a ground for divorce and annulment is not maintainable thereon. A divorce decree entered on such ground for divorce should recite that the marriage is invalid and void ab initio.
*180 Mississippi Code Annotated Section 93-7-3 (1972) states five (5) grounds for annulment of marriages, none of which provides for annulment at the time of a pretended marriage where one person was married to another. The section concludes with the following provision:
“The causes for annulment of marriage set forth in this section are intended to be new remedies and shall in no way affect the causes for divorce declared elsewhere to be the law of the State of Mississippi as they presently exist or as they may from time to time be amended.”
We hold that the ground for divorce stated in the amended bill of complaint was a proper one and that the lower court erred in sustaining the plea in bar and in dismissing the bill of complaint.
The second question presented is whether or not appellant is entitled to support from the appellee. The amended bill of complaint sought a divorce, support from the appellee and restoration of appellant’s prior name of Lola Tippitt.
This Court held in Aldridge v. Aldridge, 116 Miss. 385, 77 So. 150 (1918), that, if a marriage is void, there is no foundation for the wife’s right to alimony. The principle was affirmed in Taylor v. Taylor, 317 So.2d 422 (Miss.1975), although under the particular facts and equities of that case, an allowance of support was approved.
If the pleadings in the case subjudi-ce were framed to present the issue of property accumulated through joint efforts of the parties, the lower court should permit introduction of evidence thereasto. Chrismond v. Chrismond, 211 Miss. 746, 52 So.2d 624 (1951).
REVERSED AND REMANDED.
PATTERSON, C. J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, BOWLING and COFER, JJ., concur.

. Amended effective July 1, 1978 to include ground of irreconcilable differences.