LEE, C.J.,
dissenting:
¶ 42. With respect to the majority, and notwithstanding that there was not a valid marriage between Swain and Cates, I find it was within the chancellor’s discretion to apply the rules of equity and award Swain a share of the property accumulated by the joint efforts of the parties during their relationship. Thus, I would affirm the award of a judgment in favor of Swain.
¶ 43. Although Swain did not specifically request an equitable division of the couple’s jointly-accumulated assets, Swain did ask the chancellor for “any other awards ... deemfed] necessary and just.” “[I]t is axiomatic that the relief need not be limited in kind or amount by the demand but may include relief not requested in the complaint.” Pilgrim Rest Missionary Baptist Church ex rel. Bd. of Deacons v. Wallace, 835 So.2d 67, 75 (¶ 19) (Miss.2003). I also note it is standard practice to affirm the decision of a lower court when the right result has been reached, even if for the wrong reason. Tedford v. Dempsey, 437 So.2d 410, 418 (Miss.1983). I believe the chancellor reached the right result.
¶ 44. I recognize the rule which recognizes marriage only as the joining of a man and a woman in conformity with state law. See Miss.Code Ann. § 93-1-1(2) (Rev. 2004). I do not purport to usurp legislative authority nor do I condone such action. However, I recognize that our law sanctions an equitable division of property accumulated by two persons as the result of their joint efforts. See Cotton v. Cotton, 44 So.3d 371, 374 (¶¶ 7-10) (Miss.Ct.App.2010); Wooldridge v. Wooldridge, 856 So.2d 446, 452 (¶ 17) (Miss.Ct.App.2003); see also Pickens v. Pickens, 490 So.2d 872, 875-76 (Miss.1986); Taylor v. Taylor, 317 So.2d 422, 423 (Miss.1975); Chrismond v. Chrismond, 211 Miss. 746, 757, 52 So.2d 624, 629 (1951). As the Mississippi Supreme Court stated in Pickens, “our law authorizes and sanctions an equitable division of property accumulated by two persons as a result of their joint efforts. This would be the case were a common[-]law business partnership breaking up.” Pickens, 490 So.2d at 875.
¶ 45. I am mindful of our standard of review: this Court will not disturb a chancellor’s findings “unless the chancellor was manifestly wrong, clearly erroneous or an erroneous legal standard was applied.” Ward v. Ward, 825 So.2d 713, 715-16 (¶ 5) (Miss.Ct.App.2002). In this case, there was substantial evidence to uphold the chancellor’s decision. Over the course of the relationship, Swain and Cates shared homes, contributed money to these homes, made improvements to these homes, shared a joint checking account, owned vehicles together, and shared an investment account. I find Swain was a substantial contributor to the accumulation of assets with Cates such that she should receive an equitable share of those assets.
ISHEE, J„ JOINS THIS OPINION IN PART.